COPY

1  Gerald A. Griffin, Esq. (CSB # 076620)
   jgriffin@gglts.com
2  Gary E. Scalabrini, Esq. (CSB # 161902)
   gscalabrini@gglts.com
3  GIBBS, GIDEN, LOCHER, TURNER & SENET LLP
   1880 Century Park East, 12th Floor
4  Los Angeles, California 90067-1621
   (310) 552-3400
5  Fax (310) 552-0805

6  Attorneys for Plaintiff
   ENVIRONMENT FURNITURE, INC.
7

FILED
2009 NOV 13  PM 2:46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY___

8           UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11  ENVIRONMENT FURNITURE, INC.,          Case No. CV09-7978 PSC (JCx)
    a California corporation,
12                                        [Assigned to the Honorable Philip S.
                 Plaintiff,               Gutierrez, Dept. 790 (Roybal)]
13
          v.                              **FIRST AMENDED COMPLAINT**
14                                        **FOR:**
    THOMAS BINA, an individual;
15  TATIANA ORNELLAS, an individual;      1. **VIOLATION OF SECTION**
    FOUR HANDS, LLC, a Delaware              **43(A) OF THE LANHAM ACT;**
16  limited liability company, dba
    IMPORTS BY FOUR HANDS, LLC;         2. **MISAPPROPRIATION OF**
17  and, PUEBLO NATIVO S.A. de C.V.,        **TRADE SECRETS;**
    aka SEGUSINO, a Mexican company.
18                                       3. **CONVERSION;**
                 Defendant.
19                                       4. **BREACH OF CONTRACT;**

20                                       5. **BREACH OF CONFIDENCE;**

21                                       6. **VIOLATION OF EMPLOYEE**
                                            **DUTIES;**
22
                                         7. **BREACH OF FIDUCIARY**
23                                          **DUTIES;**

24                                       8. **INTENTIONAL**
                                            **INTERFERENCE WITH**
25                                          **PROSPECTIVE ECONOMIC**
                                            **ADVANTAGE;**
26
                                         9. **INDUCING BREACH OF**
27                                          **CONTRACT;**

28

854270_1

10. **UNFAIR BUSINESS PRACTICES IN VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE; AND,**

11. **COMMON LAW UNFAIR COMPETITION**

**[JURY DEMAND]**

Complaint filed:   October 30, 2009
Trial Date:          None

COMES NOW Plaintiff, ENVIRONMENT FURNITURE, INC., a California corporation, ("EFI"), and alleges as follows:

Plaintiff, EFI, by and through its attorneys, Gibbs, Giden, Locher, Turner & Senet, LLP, as and for its Complaint against the Defendants, THOMAS BINA, an individual ("Bina"), TATIANA ORNELLAS, an individual ("Ornellas"); FOUR HANDS, LLC, a Delaware limited liability company, dba IMPORTS BY FOUR HANDS, LLC ("Four Hands") and PUEBLO NATIVO S.A. de C.V., aka SEGUSINO, a Mexican company ("Pueblo Nativo"), with the allegations contained herein being asserted against Bina, Ornellas, Four Hands and Pueblo Nativo, alleges as follows:

## NATURE OF ACTION

1.      This is an action for trade dress infringement, misappropriation of trade secrets, unfair competition, interference with contact and conversion by EFI against Bina, its former corporate secretary and vice-president, Four Hands, one of its competitors, and Pueblo Nativo, a contract manufacturer for EFI, and Ornellas.

1  Plaintiff also asserts related claims against Mr. Bina for breach of contract, breach of
2  confidence and breach of fiduciary duties.  The action is filed in this Court based on
3  a federal question and diversity of citizenship.

### THE PARTIES

6    2.    EFI is a corporation organized and existing under the laws of the State
7  of California with its principal place of business located at 8126 Beverly Boulevard,
8  Los Angeles, CA 90048.   EFI is a citizen of the state of California.

10    3.    Mr. Bina is an individual and former corporate secretary and vice-
11  president of EFI.  EFI is informed and believes, and on that basis alleges, that Mr.
12  Bina is a citizen of the state of Texas.

14    4.    EFI is informed and believes, and on that basis alleges, that Ms.
15  Ornellas is a citizen of Brazil.

17    5.    EFI is informed and believes, and on that basis alleges, that Four Hands
18  is a corporation organized and existing under the laws of the State of Delaware with
19  its principal place of business located at 2090 Woodward Street, Austin, Texas.
20  Accordingly, EFI is informed and believes, and on that basis alleges, that Four
21  Hands is a citizen of the states of Delaware and Texas.

23    6.    EFI is informed and believes, and on that basis alleges, that Pueblo
24  Nativo is a company organized and existing under the laws of Mexico with its
25  principal place of business located at 2 Sur No. 1300, Col. Centro, Chipilo Puebla,
26  CP 74325 Mexico.  Accordingly, EFI is informed and believes, and on that basis
27  alleges, that Pueblo Nativo is a citizen of Mexico.
28  ///

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

## JURISDICTION

7.      This Court has subject matter jurisdiction over this action.  The Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action involves violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a).) Further, as set forth below, the Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a), in that Plaintiff is a citizen of California, it is informed and believes that Defendants are citizens of Texas, Mexico and Brazil, and the amount of controversy exceeds $75,000.

8.      This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367 in that they are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy.  This Court has pendent jurisdiction over the state claims under 28 U.S.C. § 1338 in that the claims are joined with substantial and related claims arising under the laws of the United States, including Section 43 of the Lanham Act, 15 U.S.C. § 1125.

## PERSONAL JURISDICTION AND VENUE

9.      Personal jurisdiction and venue in this District are proper under 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b) because: (i) the infringement involves trade dress of EFI, which is located in the Central District of California; (ii)  Bina was a corporate secretary and vice-president of EFI and conducted business as an officer of EFI in the Central District of California; (iii) Four Hands sells and distributes furniture within the Central District of California; (iv) a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California; and, (v) EFI and Pueblo Nativo agreed in writing that jurisdiction and venue shall lie in state and federal courts located in Los Angeles, California.

854270_1

# FACTUAL ALLEGATIONS

10.    EFI designs, manufactures and distributes high-end designer furniture throughout the State of California and the United States. EFI's furniture is based on proprietary designs and unique materials. In particular, one collection, the Peroba Collection®, is manufactured from a blend of Brazilian Peroba Rosa wood-reclaimed from 70 to 100 year-old buildings and barns with responsibly harvested mahogany in its beds, tables, dressers and accent pieces. One piece, the Soho Dresser, uses the Peroba Rosa wood in the drawer fronts. The use and incorporation of recycled Peroba Rosa wood in the Soho Dresser and other furniture of the Peroba Collection® designed, manufactured and distributed by EFI is inherently unique and has acquired a distinctive design in the furniture industry.

11.    As part of its business, EFI contracts with other entities to manufacture furniture based on its designs and material sourcing.

12.    In or about October 2008, EFI entered an agreement with Pueblo Nativo to exclusively manufacture and supply certain furniture designed by EFI (the "Pueblo Nativo Manufacturing Agreement"). As part of the Pueblo Nativo Manufacturing Agreement, Pueblo Nativo agreed, *inter alia*, that: (i) Pueblo Nativo would not infringe upon EFI's intellectual property, including its designs and product specifications; (ii) Pueblo Nativo would not use "Exclusive Materials" in any other furniture manufactured, marketed or sold by or for Pueblo Nativo; (iii) Pueblo Nativo would not, directly or through third parties, sell, manufacture or offer to sell or manufacture furniture or other products to or for EFI customers. Under the terms of the agreement, the term "Exclusive Materials" is defined as materials introduced to Pueblo Nativo by EFI and not used by Pueblo Nativo prior to the Pueblo Nativo Manufacturing Agreement, including, without limitation, Peroba

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

1  wood, Ipe wood and Cruzeta wood.

2

3      13.    At the time that EFI and Pueblo Nativo entered the Pueblo Nativo
4  Manufacturing Agreement, the parties to the agreement also entered a
5  Confidentiality and Non-Disclosure Agreement ("Confidentiality Agreement"), in
6  which Pueblo Nativo agreed to "hold in confidence all Confidential Information and
7  will use the same only for the purpose of evaluating a proposed manufacturing
8  agreement.  Pueblo Nativo will not use the Confidential Information for any other
9  purpose, including any commercial purpose, will not use the same for its own
10  benefit, and will not disclose the same to third parties without the prior written
11  consent of EFI."  Under the terms of the Confidentiality Agreement, "Confidential
12  Information" is defined as "[a]ll furniture designs, manufacturing techniques, raw
13  materials sourcing, financial, sales, customer, product, marketing or other proprietary
14  information directly provided by EFI, and all other proprietary information
15  concerning any of EFI's operations or affairs to which Pueblo Nativo obtains access
16  as a consequence of the cooperation extended and data provided to Pueblo Nativo by
17  EFI."

18

19      14.    In manufacturing and supplying furniture for EFI, Pueblo Nativo
20  received proprietary and Confidential Information from EFI, including, without
21  limitation, information regarding the designs, manufacturing process and techniques
22  and material sourcing for the furniture.  Based on their business relationship and the
23  fact that Pueblo Nativo agreed to the terms of the Confidentiality Agreement, EFI
24  sent furniture samples to Pueblo Nativo such that Pueblo Nativo, with the assistance
25  of Bina, could "reverse engineer" its furniture to assist it in manufacturing such
26  goods.  EFI also provided drawings and other technical information regarding such
27  products.  Disclosure or use of such information by Pueblo Nativo was restricted
28  under the terms of the Confidentiality Agreement between EFI and Pueblo Nativo.

15.    On or about August 1, 1999, Bina entered an employment agreement with EFI (the "Employment Agreement"), by which he was employed by EFI as a Vice-President of EFI.   The Employment Agreement expired under its terms on July 31, 2002. Following the expiration of the Employment Agreement, Bina remained employed by EFI.

16.    On or about July 2, 2008, Bina was elected as a Vice-President and Secretary of EFI by the directors at its annual meeting.  Mr. Bina was also a member of the Board of Directors of EFI.

17.    Following a meeting of EFI's Board of Directors on January 19, 2009, Bina stopped coming to work at EFI's principal place of business.  On March 17, 2009, Mr. Bina told EFI that while he was away from work, he had been working at home designing furniture for EFI. Although EFI requested the work product and designs completed by Mr. Bina, he did not and has not complied with EFI's request.

18.    On April 3, 2009, Bina was terminated by EFI as an employee, Vice-President and Secretary.  Bina was removed as a Director by shareholder action on or about May 15, 2009.

19.    In the Employment Agreement, Mr. Bina agreed that:

""[D]uring and after the Term of his employment with Company [EFI] (a) Executive [Bina] shall keep secret all confidential and proprietary information  and not reveal or disclose it to anyone outside the Company, except with the Company's prior written consent; (b) Executive shall not make use of any confidential and proprietary information

1               for his own purposes or the benefit for anyone  other than

2               the Company; and (c) Executive shall deliver promptly to

3               the Company, upon termination of his employment or at

4               any other time Company may so request, all memoranda,

5               notes, records and other documents (and all copies thereof)

6               constituting or relating to confidential and proprietary

7               information which the Executive may then possess."

8

9      20.    Under the terms of the Employment Agreement, "confidential and

10  proprietary information" includes, but is not limited to, "information about the

11  Products developed or improved by Company, customers and prospective customers,

12  profits, sales, suppliers, personnel, pricing, policies, operational methods, technical

13  processes and other business affairs and methods, plans for future developments and

14  other information which is not readily available to the public."

15

16     21.    EFI is the rightful owner of its confidential information and trade

17  secrets including, but not limited to, furniture design and manufacturing information,

18  price and cost information regarding EFI's products, purchase requirements and

19  pricing information of EFI's customers, the identity of all suppliers of materials to

20  EFI and material sourcing for EFI's products  (the "Trade Secrets").

21

22     22.    EFI has taken reasonable measures under the circumstances to protect

23  the confidentiality and secrecy of its Trade Secrets and confidential information.

24

25     23.    EFI's Trade Secrets and confidential information have considerable

26  independent economic value to any competitor who might gain access to the such

27  information because they are not generally known to the public or to others who can

28  gain economic value from their disclosure or use.

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

854270_1

24.     Bina had intimate knowledge of EFI's confidential information and Trade Secrets, including, but not limited to, furniture design and manufacturing information, price and cost information regarding EFI's products, purchase requirements and pricing information of EFI's customers, furniture designs and the identity of all suppliers of materials to EFI and material sourcing for EFI's products. For example, as recently as 2008, Bina worked on-site with Pueblo Nativo in negotiating the Pueblo Nativo Manufacturing Agreement and setting up production for EFI furniture to be manufactured at the Pueblo Nativo factory. Bina also arranged for the delivery of wood and fabric to the factory, all sourced through Fenix Comercio de Matiais Usados, a Brazilian company ("Fenix") for EFI. Fenix would supply wood and fabric to Pueblo Nativo, who in turn would use the materials in manufacturing product for EFI.

25.     EFI is informed and believes, and on that basis alleges, that Defendant Ornellas, is and was at all times relevant employed by Fenix and engaged in the supply of material to EFI and its contract manufacturers. As alleged herein, EFI is informed and believes, and on that basis alleges, that Ornellas, at the request of Bina, diverted materials from a manufacturer of EFI's products to that of EFI's competitor, Four Hands. EFI is further informed and believes that Ornellas and Bina are and were at all times relevant involved in a personal relationship.

26.     As an employee, officer and director of EFI, Bina also oversaw the set up of the furniture manufacturing factory of one of its other suppliers, PT Maratea Semarang, a subsidiary of Maratea Associates LLC. Bina spent considerable time in Indonesia overseeing the manufacturing process of PT Maratea Semarang. The manufacturing process of PT Maratea Semarang involved the use of confidential and proprietary information of EFI, including the manufacturing process and material sourcing of the furniture. As a result, Bina was intimately familiar with EFI's Trade

FIRST AMENDED COMPLAINT
854270_1

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

1  Secrets, including its material sourcing and its manufacturing processes and
2  methods. In his positions with EFI, Bina had access to and learned in detail EFI's
3  Trade Secrets and confidential information.

4

5      27.   Plaintiff is informed and believes, and on that basis alleges, that Bina is
6  "teaming up" with Four Hands to create a new company to be called "bina."
7  Plaintiff is further informed and believes, and on that basis alleges, that Four Hands
8  and Bina are distributing, promoting and manufacturing furniture lines under the
9  "bina brand" in direct competition with EFI.

10

11     28.   Plaintiff is informed and believes, and on that basis alleges, that Bina
12 has and is improperly misappropriating EFI's Trade Secrets and other confidential
13 information, either by using documents and things taken from EFI or by memory.
14 Plaintiff is further informed and believes, and on that basis alleges, that Bina has
15 disclosed Trade Secrets and other confidential information to Four Hands.

16

17     29.   Plaintiff is informed and believes, and on that basis alleges, that Bina,
18 Four Hands and Pueblo Nativo have improperly used EFI's design, material sources
19 and manufacturing processes to create and manufacture furniture for Four Hands.
20 Defendants' conduct has caused confusion in the marketplace, whereby Plaintiff's
21 customers and others are confusing Defendants' product with that of Plaintiff.

22

23     30.   Plaintiff is informed and believes, and on that basis alleges, that Four
24 Hands and Bina have engaged in the manufacture, importation, offer for sale, sale
25 and/or sale of at least one piece of furniture with designs using recycled Peroba Rose
26 wood in drawer fronts that have been copied from and are substantially similar to
27 furniture designed, manufactured and sold by EFI.
28 ///

31.   Pueblo Nativo has failed and refused to produce furniture for EFI in accordance with the Pueblo Nativo Manufacturing Agreement.  Pueblo Nativo claimed that it was unable to obtain certain material necessary to manufacture furniture for EFI.  However, EFI subsequently learned and now believes, and on that basis alleges, that Pueblo Nativo manufactured furniture for Four Hands, which not only appears to use the proprietary designs of EFI's furniture, but also appears to use the same material that Pueblo Nativo claimed that it could not obtain from Fenix. EFI is informed and believes, and on that basis alleges, that Pueblo Nativo obtained such materials from Fenix for use to manufacture furniture for EFI, but instead used such material to manufacture furniture for Four Hands.

32.   Since Pueblo Nativo did not manufacture the furniture for EFI, EFI is unable to distribute such furniture to its customers.  EFI's failure to distribute such furniture to its customers, as previously promised, has damaged EFI's reputation and business relationship with such customers.

33.   Plaintiff is informed and believes, and on that basis alleges, that Defendant Ornellas interfered with the supply of Peroba wood and other materials to Pueblo Nativo, which are needed to produce furniture for EFI.

34.   Plaintiff is informed and believes, and on that basis alleges, that Pueblo Nativo is presently manufacturing such furniture for Four Hands, who in turn, is selling it to EFI's customers.  Plaintiff is further informed and believes, and on that basis alleges, that Pueblo Nativo has disclosed Confidential Information to Four Hands and has used such information for its own benefit and the benefit of Four Hands and Bina.

///

///

854270_1

35.   Plaintiff is informed and believes, and on that basis alleges, that Bina and Four Hands have specifically targeted certain key employees of EFI and enticed such employees to terminate their employment with EFI and enter employment with Four Hands in order to gain an unfair competitive advantage against EFI.  In particular, Plaintiff is informed and believes, and on that basis alleges, that Bina and Four Hands have attempted to entice EFI's Director of Marketing and Product Development Manager away from EFI to deprive EFI of its key employees and injure Plaintiff's ability to compete in its industry.

36.   Plaintiff is informed and believes, and on that basis alleges, that Bina disclosed compensation or other confidential information concerning key employees of EFI to Defendant Four Hands for the purpose of soliciting such employees. Plaintiff is further informed and believes that Bina and Four Hands actively solicited key employees of EFI to terminate their employment with EFI and enter employment with Defendant Four Hands in order to obtain financial and other rewards with their new employer.

**FIRST CLAIM FOR RELIEF**

(For Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)
Against Defendants Bina, Pueblo Nativo and Four Hands)

37.   EFI repeats and alleges all of the allegations contained in Paragraphs 1 through 36, inclusive, and incorporates them by reference as if fully set forth herein.

38.   EFI's furniture is based on proprietary designs and unique materials. Furniture in one collection, the Peroba Collection®, is manufactured from a blend of Brazilian Peroba Rosa wood-reclaimed from 70 to 100 year-old buildings and barns with responsibly harvested mahogany in its beds, tables and accent pieces.  One

1  piece, the Soho Dresser, uses the Peroba Rosa wood in the drawer fronts.  The use
2  and incorporation of recycled Peroba Rosa wood in the Soho Dresser and other
3  furniture of the Peroba Collection® designed, manufactured and distributed by EFI is
4  a product configuration trade dress and is inherently distinctive and/or has acquired
5  distinctiveness through secondary meaning by EFI's extensive and exclusive use
6  throughout the United States, which has made it well-known to the trade and
7  members of the purchasing public.

8

9      39.    Plaintiff is informed and believes, and on that basis alleges, that
10  Defendants are usurping the trade dress of the Peroba Collection®, including the
11  Soho Dresser, and unfairly competing by usurping Plaintiff's total impression of the
12  product design.

13

14      40.    Plaintiff is informed and believes, and on that basis alleges, that
15  Defendants intentionally copied EFI's trade dress; demonstrating that EFI's trade
16  dress has secondary meaning.

17

18      41.    Plaintiff is informed and believes, and on that basis alleges, that the
19  similarity of the Defendants' trade dress to that of EFI is likely to cause, and has
20  caused, confusion among consumers as to the source of the product.

21

22      42.    Plaintiff is informed and believes, and on that basis alleges, that
23  Defendants have infringed on EFI's trade dress and engaged in unfair competition.

24

25      43.    Plaintiff is informed and believes, and on that basis alleges, that
26  Defendants' acts were willful; that Defendants knew or should have known that EFI
27  used its trade dress to identify its products (most particularly the Soho Dresser and
28  Peroba Collection®), and therefore, willfully have infringed EFI's trade dress.

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

44.     Plaintiff is entitled to compensation to the extent possible in damages in an amount to be proven trial for the harm caused by Defendant.

45.     A damages award alone will not make Plaintiff whole.  Unless Defendants are restrained and enjoined, Plaintiff has and will suffer irreparable damage to its business reputation and goodwill by reasons of Defendants' conduct and Plaintiff is without an adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(For Misappropriation of Trade Secrets

Against Defendants Bina, Pueblo Nativo and Four Hands)

46.     EFI repeats and alleges all of the allegations contained in Paragraphs 1 through 45, inclusive, and incorporates them by reference as if fully set forth herein.

47.     EFI is informed and believes, and on that basis alleges, that Four Hands, by and through Bina and Pueblo Nativo, obtained EFI's Trade Secrets by improper means, as defined in California Civil Code Section 3426.1(a).

48.     EFI is informed and believes, and on that basis alleges, that Four Hands, Pueblo Nativo and Bina knowingly and improperly used this information in direct competition with EFI.

49.     As a proximate result of the wrongful acts of Defendant Bina, Four Hands and Pueblo Nativo, EFI has been damaged in a sum exceeding the jurisdictional minimum of this Court, and has and will suffer irreparable harm to its customer and supplier relationships and its position in the market for furniture.

///

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

*FIRST AMENDED COMPLAINT*

854270_1

50.     EFI is entitled to all relief provided in California's Uniform Trade Secrets Act (Cal.Civ.Code §§ 3426 - 3426.10, inclusive) including, but not limited to, injunctive relief and an order requiring Defendant Bina, Four Hands and Pueblo Nativo to take affirmative acts, as the Court sees fit, to protect EFI's Trade Secrets.

51.     EFI is informed and believes that Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring EFI, and acted with an improper and evil motive amounting to malice and in conscious disregard of EFI's rights.  Because the acts taken towards EFI were carried out in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage EFI, it is entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, EFI requests relief as hereinafter set forth.

## THIRD CLAIM FOR RELIEF

(For Conversion Against Defendant Bina and Four Hands)

52.     EFI repeats and alleges all of the allegations contained in Paragraphs 1 through 51, inclusive, and incorporates them by reference as if fully set forth herein.

53.     By removing and otherwise misappropriating EFI's property and Trade Secrets, Defendants have deprived EFI of valuable assets that rightfully belong to Plaintiff.

54.     As a direct and proximate result of the conversion by Defendants of EFI's property, EFI has been damaged in an amount to be proven at trial, and has suffered and continues to suffer irreparable harm.

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

55.     EFI is informed and believes that Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring EFI, and acted with an improper and evil motive amounting to malice and in conscious disregard of EFI's rights.  Because the acts taken towards EFI were carried out in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage EFI, it is entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, EFI requests relief as hereinafter set forth.

## **FOURTH CLAIM FOR RELIEF**

(For Breach of Contract Against Defendant Bina)

56.     EFI repeats and alleges all of the allegations contained in Paragraphs 1 through 55, inclusive, and incorporates them by reference as if fully set forth herein.

57.     By engaging in the conduct set forth above, Bina breached the Employment Agreement.  In particular, Plaintiff is informed and believes, and on that basis alleges, that Bina: (a) disclosed confidential and proprietary information to Four Hands, without EFI's prior written consent; (b) Bina has used, and is continuing to use, confidential and proprietary information for his own purposes or the benefit Four Hands; and, (c) Bina failed to deliver promptly to EFI, upon termination of his employment or at the times requested by EFI, all documents (and all copies thereof) constituting or relating to EFI's confidential and proprietary information which he possessed.

58.     EFI has performed all of its promises, covenants and obligations arising out of the Employment Agreement.  The consideration that Bina received for

1    entering into the Employment Agreement was just, fair and adequate.

2

3        59.    As a proximate result of the breach of the Employment Agreement

4    alleged herein, EFI has suffered damages in an amount to be proven at trial and has

5    suffered, and continues to suffer, irreparable harm.

6

7        60.    Because of the acts of Bina, EFI has been forced to retain attorneys and

8    incur liability for attorneys' fees (including expenses and expert fees), and will seek

9    to recover those fees in accordance with proof.

10

11        WHEREFORE, EFI requests relief as hereinafter set forth.

12

13                    **FIFTH CLAIM FOR RELIEF**

14               (For Breach of Confidence Against Defendant Bina)

15

16        61.    EFI repeats and alleges all of the allegations contained in Paragraphs 1

17    through 60, inclusive, and incorporates them by reference as if fully set forth herein.

18

19        62.    As a key employee, officer and director of EFI, Defendant Bina

20    received Trade Secrets and other valuable and confidential information belonging to

21    EFI in the usual course of performing his duties. Defendant Bina was under a duty to

22    maintain said information in confidence.

23

24        63.    By engaging in the conduct set forth above, Defendant Bina committed

25    a breach of confidence.

26

27        64.    As a proximate result of the actions taken by Bina, EFI has suffered

28    damages in an amount to be proven at trial, and has suffered, and continues to suffer,

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

17

854270_1

1  irreparable harm.

2

3      65.   EFI is informed and believes that Defendant committed the acts alleged
4  herein maliciously, fraudulently, and oppressively, with the wrongful intention of
5  injuring EFI, and acted with an improper and evil motive amounting to malice and in
6  conscious disregard of EFI's rights.  Because the acts taken towards EFI were carried
7  out in a despicable, deliberate, cold, callous, and intentional manner in order to injure
8  and damage EFI, it is entitled to recover punitive damages from Defendant in an
9  amount according to proof.

10

11              WHEREFORE, EFI requests relief as hereinafter set forth.

12

13                    **SIXTH CLAIM FOR RELIEF**

14              (For Violation of Employee Duties, California Labor Code
15         Sections 2851, 2853, 2854, 2858, 2859, 2860, 2861, 2863 and 2865
16                    Against Defendant Bina)

17

18      66.   EFI repeats and alleges all of the allegations contained in Paragraphs 1
19  through 65, inclusive, and incorporates them by reference as if fully set forth herein.

20

21      67.   At all times herein relevant, California Labor Code Sections 2851,
22  2853, 2854, 2858, 2859, 2860, 2861, 2863 and 2865 were in full force and effect and
23  binding on Defendant Bina.  These Code Sections create a statutory and fiduciary
24  duty on Defendant Bina to EFI, as EFI's employee or agent.

25

26      68.   By the actions hereinabove alleged, Defendant Bina breached his duties
27  and obligations statutorily contained in the Labor Code.

28  ///

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

854270_1

69.     As a proximate result of the conduct alleged above, EFI has suffered damages, in amount to be proven at trial, but at least within the jurisdictional limits of this Court.

70.     Because of Defendant's breach, pursuant to Labor Code Section 2861, EFI demands that Bina render an accounting of all transactions in the course of his employment and demands of everything which he received on the account of EFI.

71.     In breaching his statutory duties contained in the Labor Code, the actions taken by Bina, as alleged hereinabove, were malicious, oppressive and fraudulent, and accordingly constitute despicable conduct, thereby entitling EFI to an award of punitive damages.

WHEREFORE, EFI requests relief as hereinafter set forth.

## SEVENTH CLAIM FOR RELIEF

(For Breach of Fiduciary Duties
Against Defendant Bina)

72.     EFI repeats and alleges all of the allegations contained in Paragraphs 1 through 71, inclusive, and incorporates them by reference as if fully set forth herein.

73.     By reason of his status and relationship to EFI as one of its officers and directors, Mr. Bina owed EFI a fiduciary duty and a duty of loyalty and was required to avoid self-dealing and diversion of EFI's assets, including its Trade Secrets and confidential information.

///
///

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

74.  By virtue of his relationship with EFI, Mr. Bina was under an obligation to act in the best interests of EFI.  Among other duties, Mr. Bina had a fiduciary duty to refrain disclosing its Trade Secrets and confidential information to EFI's competitors.  Mr. Bina also had a fiduciary duty to refrain from competing with EFI in the business of manufacturing, marketing and distributing furniture and furnishings, in addition to all other businesses and activities in which the EFI was engaged. Moreover, Mr. Bina had a fiduciary duty and a duty of loyalty to avoid situations which created conflicts of interest.  Mr. Bina was also required to perform fully and diligently all the duties devolving upon him as an officer and director of EFI.

75.  As set forth herein, Mr. Bina has breached his fiduciary duties owed to EFI.  In particular, Plaintiff is informed and believes, and on that basis alleges, that Bina is "teaming up" with Four Hands, its competitor to create a new company named "bina," which will compete with EFI.  Moreover, Plaintiff is informed and believes, and on that basis alleges, that Bina improperly misappropriated EFI's Trade Secrets and other confidential information and has disclosed such information Four Hands.  Consequently, Mr. Bina has failed to perform the fiduciary duties imposed upon him.

76.  At all times relevant herein, EFI placed the utmost trust, faith and confidence in Mr. Bina and relied upon him to faithfully represent its interests in the performance of his duties and not to abuse the trust and confidence place upon him.

77.  As a proximate result of the wrongful acts of Defendant Bina, EFI has been damaged in a sum exceeding the jurisdictional minimum of this Court.

WHEREFORE, EFI requests relief as hereinafter set forth.

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

854270_1

## **EIGHTH CLAIM FOR RELIEF**

(For Breach of Contract Against Defendant Pueblo Nativo)

78.    EFI repeats and alleges all of the allegations contained in Paragraphs 1 through 77, inclusive, and incorporates them by reference as if fully set forth herein.

79.    By engaging in the conduct set forth above, Pueblo Nativo breached the Pueblo Nativo Manufacturing Agreement.  In particular, EFI is informed and believes, and on that basis alleges, that: (i) Pueblo Nativo is infringing upon EFI's designs and product specifications in making furniture for Four Hands; (ii) Pueblo Nativo is using "Exclusive Materials," including Peroba wood, in other furniture to be manufactured and sold to Four Hands; and, (iii) Pueblo Nativo, through Four Hands, is selling or manufacturing furniture or other products to or for EFI customers.

80.    By engaging in the conduct set forth above, Pueblo Nativo breached the Confidentiality Agreement.  In particular, EFI is informed and believes, and on that basis alleges, that: (i) Pueblo Nativo is using Confidential Information for its own benefit and that of Four Hands and Bina; and, (ii) Pueblo Nativo has disclosed Confidential Information to Four Hands without the prior written consent of EFI.

81.    EFI has performed all of its promises, covenants and obligations arising out of the Pueblo Nativo Manufacturing Agreement and the Confidentiality Agreement.  The consideration that Bina received for entering into the agreements was just, fair and adequate.

82.    As a proximate result of the breach of the Pueblo Nativo Manufacturing Agreement and the Confidentiality Agreement, EFI has suffered damages in an

854270_1

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

1   amount to be proven at trial, but at least within the jurisdictional limits of this Court,

2   and has suffered, and continues to suffer, irreparable harm.

3

4       83.    Because of the acts of Pueblo Nativo, EFI has been forced to retain

5   attorneys and incur liability for attorneys' fees (including expenses and expert fees),

6   and will seek to recover those fees in accordance with proof.

7

8       WHEREFORE, EFI requests relief as hereinafter set forth.

9

10                    **NINTH CLAIM FOR RELIEF**

11       (For Intentional Interference with Prospective Economic Advantage

12        Against Defendants Bina, Ornellas, Four Hands and Pueblo Nativo)

13

14      84.    Plaintiff repeats and alleges each and every allegation contained in

15  Paragraphs 1 through 83, inclusive, and incorporates them by reference as if fully set

16  forth herein.

17

18      85.    Plaintiff is, and was at all relevant times, engaged in a line of business

19  that substantially relies on the continued and loyal patronage of those who conduct

20  business in the furniture industry.  Plaintiff's customers are the life-blood of its

21  business and, without them, Plaintiff would be forced out of the industry.  Plaintiff

22  had substantial economic relationships with various customers in the industry, with

23  the probability of future economic benefit to Plaintiff.  Defendants knew this fact.

24  Defendant Four Hands was and is a competitor of Plaintiff in the furniture industry.

25  Bina was an officer, director and key employee of EFI.  Pueblo Nativo was a

26  contract manufacturer to EFI.  Ornellas was employed by Fenix.

27  ///

28  ///

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

854270_1

86.   As an officer, director and key employee of EFI, Defendant Bina was intimately involved in the operations of EFI's business relations as well as EFI's policies of keeping such relationships confidential. Bina was also intimately involved in the design, manufacture and material sourcing of EFI's products. As set forth above, Bina explicitly agreed to keep Plaintiff's Trade Secrets and other proprietary information confidential and not to disclose such information to third parties.

87.   As a contract manufacturer of EFI, Pueblo Nativo received proprietary and Confidential Information from EFI, including, without limitation, information regarding the designs, manufacturing process and techniques and material sourcing for the furniture. Disclosure or use of such information by Pueblo Nativo was restricted under the terms of the Confidentiality Agreement between EFI and Pueblo Nativo. Pueblo Nativo further agreed that it would not, directly or through third parties, sell, manufacture or offer to sell or manufacture furniture or other products to or for EFI customers.

88.   EFI is informed and believes, and on that basis alleges, that Defendants, and each of them, misappropriated Plaintiff's Trade Secrets and other confidential information as alleged above. Plaintiff is informed and believes, and on that basis alleges, that Defendants misappropriated Plaintiff's such information, so that Defendants could unfairly compete with EFI.

89.   EFI is informed and believes, and on that basis alleges, that Defendants Bina and Pueblo Nativo disclosed to Four Hands confidential information concerning the design, manufacturing process and material sourcing of EFI's products.

///

854270_1

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

90.     EFI is informed and believes, and on that basis alleges, that Defendant Ornellas improperly diverted material from EFI to its competitor, Four Hands.

91.     Plaintiff is informed and believes, and on that basis alleges, that Bina and Four Hands have specifically targeted certain key employees of EFI and enticed such employees to terminate their employment with EFI and enter employment with Four Hands in order to gain an unfair competitive advantage against EFI.  In particular, Plaintiff is informed and believes, and on that basis alleges, that Bina and Four Hands have attempted to entice EFI's Director of Marketing and Product Development Manager away from EFI to deprive EFI of its key employees and injure Plaintiff's ability to compete in its industry.

92.     Plaintiff is informed and believes, and on that basis alleges, that Bina disclosed compensation or other confidential information concerning key employees of EFI to Defendants Four Hands for the purpose of soliciting such employees. Plaintiff is further informed and believes that Bina and Four Hands actively solicited key employees of EFI to terminate their employment with EFI and enter employment with Defendant Four Hands in order to obtain financial and other rewards with their new employer.

93.     EFI is informed and believes, and on that basis alleges, that with the information wrongfully obtained, Defendants, and each of them, began a systematic campaign of intentionally interfering with Plaintiff's customers, suppliers and employees by the use of EFI's Trade Secrets misappropriated from Plaintiff, by interfering with the supply and sourcing of material used to manufacture its products and by interfering with its workforce.  Defendants' interference includes, but is not limited to, directly soliciting Plaintiff's customers and suppliers, improperly

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

854270_1

1  interfering with EFI's material suppliers and sourcing and soliciting its key
2  employees, all in an effort to disrupt Plaintiff's relationships with its customers,
3  suppliers and employees. EFI is further informed and believes, and on that basis
4  alleges, that Defendants have improperly used EFI's design, material sources and
5  manufacturing processes to create and manufacture furniture for Four Hands.
6  Defendants conduct has caused confusion in the marketplace, whereby Plaintiff's
7  customers and others are confusing Defendants' product with that of Plaintiff.

8

9      94.   The above conduct by Defendants, and each of them, was intentional
10  and designed to cause substantial economic loss to Plaintiff. EFI has suffered the
11  actual disruption of the economic, contractual, and other commercial relationships it
12  enjoyed prior to Defendants' intentional interference.

13

14     95.   As a direct and proximate result of the conduct alleged above, Plaintiff
15  has suffered, and continues to suffer, damages in a sum to be proven at the time of
16  trial, but at least within the jurisdictional limits of this Court.

17

18     96.   EFI is informed and believes that Defendants committed the acts alleged
19  herein maliciously, fraudulently, and oppressively, with the wrongful intention of
20  injuring EFI, and acted with an improper and evil motive amounting to malice and in
21  conscious disregard of EFI's rights. Because the acts taken towards EFI were carried
22  out in a despicable, deliberate, cold, callous, and intentional manner in order to injure
23  and damage EFI, it is entitled to recover punitive damages from Defendants in an
24  amount according to proof.

25

26         WHEREFORE, EFI requests relief as hereinafter set forth.

27  ///

28  ///

854270_1

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

## TENTH CAUSE OF ACTION

(For Inducing Breach of Contract

Against Defendant Four Hands)

97.     Plaintiff repeats and alleges each and every allegation contained in Paragraphs 1 through 96, inclusive, and incorporates them by reference as if fully set forth herein.

98.     Bina was an officer, director and key employee of EFI, and as such, he was intimately involved in design, manufacture and marketing of EFI's furniture, including involvement with and knowledge of Plaintiff's Trade Secrets and other confidential information.  As set forth above, Bina entered a written contract, in which he specifically agreed that during and after his employment with EFI, he would "keep secret all confidential and proprietary information and not reveal or disclose it to anyone outside the [EFI], except with [EFI's] prior written consent . . . [and he would] not make use of any confidential and proprietary information for his own purposes or the benefit for anyone other than [EFI]."

99.     Pueblo Nativo was a contract manufacturer for EFI, and as such, Pueblo Nativo received trade secrets and confidential information from EFI.  As set forth above, Pueblo Nativo entered a written contract, in which it agreed to "hold in confidence all Confidential Information and will use the same only for the purpose of evaluating a proposed manufacturing agreement.  Pueblo Nativo will not use the Confidential Information for any other purpose, including any commercial purpose, will not use the same for its own benefit, and will not disclose the same to third parties without the prior written consent of EFI."  Pueblo Nativo further agreed that it would not, directly or through third parties, sell, manufacture or offer to sell or manufacture furniture or other products to or for EFI customers.

854270_1

100.   EFI is informed and believes, and on that basis alleges, that Defendant Four Hands knew of Bina's value and knew that he held a "key" position with EFI, and acted on that knowledge by inducing Bina to breach his agreement to keep secret EFI's Trade Secrets and other confidential information. On information and belief, Plaintiff alleges that Bina breached his agreement with EFI as a direct result of the actions of Four Hands.

101.   EFI is informed and believes, and on that basis alleges, that Defendant Four Hands knew of Pueblo Nativo's value and knew that it was a contract manufacturer for EFI, and acted on that knowledge by inducing Pueblo Nativo to: (i) breach its agreement to keep secret EFI's Trade Secrets and other confidential information; and, (ii) breach its agreement not to sell or manufacture furniture or other products to or for EFI customers . On information and belief, Plaintiff alleges that Pueblo Nativo breached its agreements with EFI as a direct result of the actions of Four Hands.

102.   On information and belief, Plaintiff alleges that Defendant Four Hands encouraged Defendant Bina and Pueblo Nativo to misappropriate EFI's Trade Secrets and other confidential information in exchange for financial and other rewards. On information and belief, EFI further alleges that Four Hands induced Pueblo Nativo to breach its agreement not to manufacturer or sell furniture to EFI's customer in exchange for financial or other rewards.

103.   EFI is informed and believes, and on that basis alleges, that Four Hands wrongfully induced Bina and Pueblo Nativo to breach their agreements with the intent to harm Plaintiff.

///

///

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

27

854270_1

1    104.   Plaintiff is informed and believes, and on that basis alleges, that Four
2  Hands have specifically targeted certain key employees of EFI and enticed such
3  employees to terminate their employment with EFI and enter employment with Four
4  Hands in order to gain an unfair competitive advantage against EFI.  In particular,
5  Plaintiff is informed and believes, and on that basis alleges, that Four Hands has
6  attempted to entice EFI's Director of marketing and Product Development Manager
7  away from EFI to deprive EFI of its key employees and injure Plaintiff's ability to
8  compete in its industry.

9

10    105.   Plaintiff is informed and believes, and on that basis alleges, that Bina
11  disclosed compensation or other confidential information concerning key employees
12  of EFI to Defendant Four Hands for the purpose of soliciting such employees.
13  Plaintiff is further informed and believes that Four Hands actively solicited key
14  employees of EFI to terminate their employment with EFI and enter employment
15  with Defendant Four Hands in order to obtain financial and other rewards with their
16  new employer.

17

18    106.   As a proximate result of Four Hands' actions as above alleged, Plaintiff
19  has been injured, including, without limitation, the loss of valuable customers to its
20  economic damages.  Plaintiff has suffered, and continues to suffer, damages in a sum
21  to be proven at the time of trial, but at least within the jurisdictional limits of this
22  Court.

23

24    107.   EFI is informed and believes that Defendant committed the acts alleged
25  herein maliciously, fraudulently, and oppressively, with the wrongful intention of
26  injuring EFI, and acted with an improper and evil motive amounting to malice and in
27  conscious disregard of EFI's rights.  Because the acts taken towards EFI were carried
28  out in a despicable, deliberate, cold, callous, and intentional manner in order to injure

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

28

854270_1

1  and damage EFI, it is entitled to recover punitive damages from Defendant in an
2  amount according to proof.

3

4  WHEREFORE, EFI requests relief as hereinafter set forth.

5

6  ## ELEVENTH CLAIM FOR RELIEF

7  (For Unfair Business Practices in Violation of Section 17200 of the Business and
8  Professions Code Against Defendants Bina, Ornellas, Four Hands
9  and Pueblo Nativo)

10

11  108.  EFI repeats and alleges all of the allegations contained in Paragraphs 1
12  through 107, inclusive, and incorporates them by reference as if fully set forth
13  herein.

14

15  109.  By engaging in the conduct alleged above, Defendants have committed
16  unfair business practices as defined in sections 17200, *et seq.* of the California
17  Business and Professions Code.

18

19  110.  As a proximate result of the conduct alleged above, EFI has suffered
20  damages in an amount to be proven at trial, and has suffered, and continues to suffer,
21  irreparable harm.

22

23  111.  EFI is informed and believes that Defendants committed the acts alleged
24  herein maliciously, fraudulently, and oppressively, with the wrongful intention of
25  injuring Plaintiff, and acted with an improper and evil motive amounting to malice
26  and in conscious disregard of EFI's rights.  Because the acts taken towards EFI were
27  carried out in a despicable, deliberate, cold, callous, and intentional manner in order
28  to injure and damage EFI, it is entitled to recover punitive damages from Defendants

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

*FIRST AMENDED COMPLAINT*

854270_1

1    in an amount according to proof.

2

3        112.    As a result of Defendants' actions, EFI has been required to engage

4    attorneys and has incurred, and will continue to incur, costs to protect its legal rights.

5    EFI is entitled to recover its attorneys' and experts' fees and costs from Defendants.

6

7        WHEREFORE, EFI requests relief as hereinafter set forth.

8

9                        **TWELTH CLAIM FOR RELIEF**

10                    (For Common Law Unfair Competition Against

11                Defendants Bina, Ornellas, Four Hands and Pueblo Nativo)

12

13        113.    EFI repeats and alleges all of the allegations contained in Paragraphs 1

14    through 112, inclusive, and incorporates them by reference as if fully set forth

15    herein.

16

17        114.    By engaging in the conduct alleged above, Defendants have committed

18    unfair competition.

19

20        115.    As a proximate result of Defendants' actions as alleged herein, EFI has

21    suffered damages in an amount to be proven at trial, and has suffered, and continues

22    to suffer, irreparable harm.

23

24        116.    EFI is informed and believes that Defendants committed the acts alleged

25    herein maliciously, fraudulently, and oppressively, with the wrongful intention of

26    injuring EFI, and acted with an improper and evil motive amounting to malice and in

27    conscious disregard of EFI's rights.  Because the acts taken towards EFI were carried

28    out in a despicable, deliberate, cold, callous, and intentional manner in order to injure

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

854270_1

1   and damage Plaintiff, it is entitled to recover punitive damages from Defendants in
2   an amount according to proof.

3

4       WHEREFORE, EFI requests relief as hereinafter set forth.

5

6       WHEREFORE, Plaintiff requests judgment against Defendants Bina, Four
7   Hands and Pueblo Nativo as follows:

8       (i)    For damages according proof, plus interest thereon as allowed by law;
9       (ii)   For punitive damages;
10      (iii)  For a preliminary and permanent injunction preventing Defendant from
11  infringing on EFI's trade dress;
12      (iii)  For a preliminary and permanent injunction preventing Defendants from
13  using EFI's Trade Secrets and other property; and, from using any information
14  derived from EFI's Trade Secrets;
15      (iv)   For the return of Plaintiff's Trade Secrets, Confidential Information and
16  any other company property, documents, drawings, computer programs or blueprints
17  which Defendants have in their possession, and all copies thereof;
18      (v)    For EFI's costs of suit, reasonable attorneys' fees and expert fees and
19  costs incurred herein; and,
20      (vi)   For such other, further or different relief as this Court seems just and
21  proper.

22

23  DATED:  November 6, 2009    Respectfully submitted,
24                              GIBBS, GIDEN, LOCHER, TURNER & SENET LLP
25
26                          By:_____
27                              Gary E. Scalabrini
                                Attorneys for Plaintiff
28                              Environment Furniture, Inc.

854270_1

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

DATED:  November 6, 2009       Respectfully submitted,

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

By: _____
    Gary E. Scalabrini
    Attorneys for Plaintiff
    Environment Furniture, Inc.

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

32

854270_1