O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #27

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Plaintiff's Request for Entry of Default

Pending before the Court is Plaintiff's Request for Entry of Default as to Pueblo Nativo. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the request and the attached declaration, the Court DENIES Plaintiff's request.

On January 14, 2010, Plaintiff Environment Furniture, Inc. ("Plaintiff") mailed via Federal Express a copy of the summons and First Amended Complaint to Defendant Pueblo Nativo, S.A. de C.V. ("Pueblo Nativo"), a Mexican corporation located in Mexico. On March 11, 2010, Plaintiff requested entry of default against Pueblo Nativo for failing to respond to the pleading. Plaintiff contends that service via Federal Express was made pursuant to a contractual agreement between the parties and in compliance with California law. *See Scalabrini Decl.* ¶ 2 (citing §§ 9.2 and 9.5 of the Manufacturing Agreement between Plaintiff and Pueblo Nativo); *see* Dkt. #26, at 2 (proof of service indicating compliance with "C.C.P. 413.10(c)").[1]

Service of a corporation not located within a judicial district of the United States must be made in compliance with Federal Rule of Civil Procedure 4(f), which governs service of an individual in a foreign country. *See* Fed. R. Civ. P. 4(h)(2). Under the provisions of Rule 4(f)

---

[1] Cal. Civ. Proc. Code § 413.10(c) provides for service outside the United States "as provided in this chapter or as directed by the court in which the action is pending, or, if the court before or after service finds that the service is reasonably calculated to give actual notice, as prescribed by the law of the place where the person is served or as directed by the foreign authority in response to a letter rogatory." Cal. Civ. Proc. Code § 413.10(c).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #27

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7978 PSG (JCx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina *et al.* | | |

applicable to foreign corporations,[2] service may be effected upon a corporation in a foreign country in one of the following ways:

(1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ["the Hague Convention"]," Fed. R. Civ. P. 4(f)(1);

(2) by a method prescribed by the foreign country's law for service, *see* Fed. R. Civ. P. 4(f)(2)(A); *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) (finding that Rule 4(f)(2)(A) is limited to personal service and does not authorize service by international mail);

(3) by any means directed by the foreign authority in response to a letter rogatory, *see* Fed. R. Civ. P. 4(f)(2)(B);

(4) by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," Fed. R. Civ. P. 4(f)(2)(C)(ii); or

(5) by any method not prohibited by any international agreement and ordered by the court, *see id.*

      The Federal Rules of Civil Procedure permit service in compliance with state law in certain contexts. *See* Fed. R. Civ. P. 4(e)(1) (authorizing service in compliance with the law of the forum state); Fed. R. Civ. P. 4(h)(1)(A) (permitting service of a corporation in a judicial district of the United States "in the manner proscribed by Rule 4(e)(1)"). However, Rule 4(f) does permit service in compliance with the law of the forum state. *See* Fed. R. Civ. P. 4(h)(2); Fed. R. Civ. P. 4(f); *Brockmeyer*, 383 F.3d at 799 ("For service by international mail to be effective in federal court, it must also be affirmatively authorized by some provision in *federal* law." (emphasis added)); *see also* 116 *Moore's Federal Practice*, § 108.122(2) (Matthew Bender 3d ed. 2009) (excluding service under the law of the forum state from the list of ways in which a defendant may be served in a foreign country).

---

    [2] All of the provisions of Rule 4(f) apply to the service of corporations abroad, with the sole exception of personal delivery under Rule 4(f)(2)(C)(i). *See* Fed. R. Civ. P. 4(h)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

link #27

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina *et al.* | | |

In support of its Request for Entry of Default Judgment, Plaintiff provides the Federal Express delivery receipt, indicating that the delivery was made to Pueblo Nativo on December 16, 2009 and signed for by Leon Guerrero on January 14, 2010.  Plaintiff claims that service by Federal Express is permitted by contract (*see Scalabrini Decl.* ¶ 2) and by California law (*see* Dkt. #26, at 2).  However, Plaintiff must establish that service was authorized by federal statute. *See Brockmeyer*, 383 F.3d at 799.  Plaintiff's service via Federal Express does not fall under any of the Rule 4(f) categories applicable to service of corporations abroad—Plaintiff's service of Pueblo Nativo via Federal Express does not comply with Rule 4(f)(1) (service authorized by Hague Convention or international treaty), Rule 4(f)(2)(A) (personal service prescribed by foreign law), Rule 4(f)(2)(B) (service authorized in response to letter rogatory), Rule 4(f)(2)(C)(ii) (service by mail with return signed receipt *addressed and sent by the court clerk*), or Rule 4(f)(3) (service as ordered by the court).  Therefore, Plaintiff has failed to serve Pueblo Nativo in a manner authorized by Rule 4(f).

Furthermore, as proof of service, Plaintiff merely provides a Federal Express delivery confirmation slip with no visible signature, and the slip and tracking sheet merely indicate that a "Leon Guerrero" signed for the documents, without any indication of who Leon Guerrero is or how he is affiliated with Pueblo Nativo.  Therefore, Plaintiff's service of Pueblo Nativo was inadequate, and thus the Court DENIES Plaintiff's request for entry of default against Pueblo Nativo.

**IT IS SO ORDERED.**