O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina *et al.* | | |

| Present: | The Honorable Philip S. Guttierez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Counter-Defendants' Motion to Dismiss

Pending before the Court is Counter-Defendants' Motion to Dismiss. A hearing on the motion was held on July 6, 2010. After considering the moving and opposing papers and the arguments presented at the hearing, the Court GRANTS Counter-Defendants' motion to dismiss.

I.   Background

On October 30, 2009, Environment Furniture, Inc. ("Environment Furniture") sued Thomas Bina ("Bina") and other defendants for misappropriation of trade secrets, breach of contract, and violation of the Lanham Act, followed shortly by a First Amended Complaint on November 13, 2009. On January 29, 2010, Bina filed an answer and a counterclaim containing nineteen causes of action, not all of which are relevant to this motion. Bina brought the following claims on behalf of himself and Environment Furniture: (1) the seventh cause of action for breach of the implied covenant of good faith and fair dealing against Eclexion Investments, LLC ("Eclexion"), Smania, S.p.A. ("Smania"), Giovanni Gallizio ("Gallizio"), and Davide Berruto ("Berruto"),[1] (2) the eighth cause of action for breach of fiduciary duty against counsel for Environment Furniture, Lawrence Mindell ("Mindell"), (3) the ninth cause of action for professional negligence against Mindell, and (4) the tenth cause of action for fraud against Mindell. Bina also brought the following claims on behalf of himself and Maratea Associates, LLC ("Maratea") against Mindell: (1) the seventeenth cause of action for breach of fiduciary

---

[1] In a derivative claim made on behalf of a corporation, the corporation is an indispensable party and must be joined as a nominal defendant. *See Keeler v. Schulte*, 47 Cal. 2d 801, 803, 306 P.2d 430 (1957). Thus, the Court treats Environment Furniture as a nominal defendant for the purpose of this motion. *See Mot.* 2:20-23 n.1.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7978 PSG (JCx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina *et al.* | | |

duty, and (2) the eighteenth cause of action for professional negligence.[2] On May 3, 2010, Environment Furniture and Maratea (collectively, "Counter-Defendants") filed a Motion to Dismiss these six counterclaims.[3]

II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

In resolving a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. The Court must first accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at 1950. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

---

[2] Mindell also allegedly served as counsel to Maratea. *See Counterclaim* § 9.

[3] Mindell and Smania each filed a notice of joinder in the motion. *See* Dkt. #50 (Mindell); Dkt. #58 (Smania). On June 7, 2010, Mindell filed his own Reply. *See* Dkt. #55.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina *et al.* | | |

III.  Discussion

    A.  Whether the Court Should Dismiss Bina's Seventh Counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Bina asserts a direct and derivative counterclaim for breach of the implied covenant of good faith and fair dealing against Eclexion, Smania, Gallizio, and Berruto. Counter-Defendants move to dismiss this claim on the grounds that it is "superfluous" and based merely on the same conduct as Bina's fifth cause of action for breach of contract. *See Mot*. 7:10-14. Under California law, a claim for breach of the implied covenant of good faith and fair dealing must "go beyond the statement of a mere contract breach" and may not "rel[y] on the same alleged acts [or] simply seek the same damages or other relief already claimed in a companion contract cause of action." *See Careau & Co. v. Sec. Pac.*, 222 Cal. App. 3d 1371, 1395, 272 Cal. Rptr. 387 (1990).

Bina does not contest that his seventh counterclaim fails to meet this standard. *See Opp.* 3:1-3. However, Bina requests leave to amend to allege tortuous breach of contract. *See id.* at 3:21-4:1. While Bina cannot state a claim for tortious breach of contract, *see Freeman & Mills, Inc. v. Belchur Oil Co.*, 11 Cal. 4th 85, 88, 44 Cal. Rptr. 2d 420 (1995), it is not inconceivable that Bina may be able to plead a breach of the implied covenant of good faith and fair dealing. Therefore, the Court GRANTS the Motion to Dismiss the seventh counterclaim with leave to amend.[4]

    B.  Whether the Court Should Dismiss Bina's Eighth, Ninth, Tenth, Seventeenth, and Eighteenth Derivative Counterclaims Against Mindell

Bina's eighth, ninth, and tenth causes of action are brought on behalf of himself and Environment Furniture against Mindell. Similarly, Bina's seventeenth and eighteenth causes of action are brought on behalf of himself and Maratea against Mindell. Counter-Defendants move to dismiss each derivative claim on the grounds that Bina "may not pursue *any* derivative legal malpractice claim as a matter of law." *See Mot*. 8:18-19. Counter-Defendants rely on *McDermott, Will & Emery v. Superior Court*, 83 Cal. App. 4th 378, 383-84, 99 Cal. Rptr. 2d 622

---

[4] The Court will provide a deadline for Bina's counterclaim in a subsequent order. Counter-Defendants Davide Berruto and Giovanni Gallizio have filed a motion to dismiss Bina's counterclaims, which is set for hearing on July 26, 2010. The Court will set a deadline in its order disposing of this other motion to dismiss.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7978 PSG (JCx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina *et al.* | | |

(2000), which held that a legal malpractice claim could not be pursued as a derivative claim by a shareholder against a corporation's attorney because a shareholder lacks the right to waive the attorney-client privilege. In his Opposition, Bina concedes that these derivative claims must be dismissed. *See Opp.* at 5:1-4. However, Bina seeks to preserve his direct claims against Mindell. *See id.* at 5:4-6.

The Court notes that Counter-Defendants do not move to dismiss Bina's direct claims for legal malpractice against Mindell. However, they do appear to collapse the eighth through tenth direct counterclaims and the seventeenth and eighteenth direct counterclaims, respectively, into separate claims for "legal malpractice." *See Mot.* 8:16-18 ("Accordingly, . . . the eighth, ninth and tenth counterclaims should be considered as a single claim for legal malpractice."); *id.* 11:6-8 ("Bina's seventeenth claim for breach of fiduciary duty and eighteenth claim for professional negligence . . . state a single claim for legal malpractice."). Nevertheless, the Court declines to dismiss Bina's direct claims for breach of fiduciary duty, professional negligence, and fraud on the grounds that they are allegedly cumulative "legal malpractice" claims. Each of these direct claims would require proof of different elements, and Counter-Defendants do not provide any case law in which similar claims were dismissed on this ground.

Additionally, Mindell filed his own Reply, in which he argues that Bina's direct claims should also be dismissed. In particular, Mindell argues that (1) a shareholder, such as Bina, may not bring a third party legal malpractice claim against corporate counsel, and (2) Bina has not alleged sufficient facts to support a claim based on a direct attorney-client relationship. *See Mindell Reply* 2:17-3:12. However, the Court does not consider these arguments because they are not raised in the Motion or in the Opposition. *See* L.R. 7-4; *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see also* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 12:107 (The Rutter Group 2009) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers.").[5]

---

[5] Even if Mindell had challenged Bina's direct claims in his notice of joinder, the outcome would have been the same. Mindell provides no authority to suggest that Bina may not bring third-party or direct claims against him. Moreover, Bina alleges the existence of a direct attorney-client relationship with Mindell. *See Counterclaim* ¶ 72 ("BINA placed trust and confidence in the legal advice of Mindell, who was purportedly serving as Environment Furniture's attorney *as well as his own*." (emphasis added)).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7978 PSG (JCx) | Date | July 8, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina *et al.* | | |

For these reasons, the Court GRANTS the Motion to Dismiss the eighth, ninth, tenth, seventeenth and eighteenth counterclaims with prejudice only as to Bina's derivative claims.

IV.     Conclusion

Based on the foregoing, the Court (1) GRANTS Counter-Defendants' Motion to Dismiss the seventh counterclaim for breach of the implied covenant of good faith and fair dealing with leave to amend, and (2) GRANTS Counter-Defendants' Motion to Dismiss the eight, ninth, tenth, seventeenth, and eighteenth derivative counterclaims with prejudice.  The Court will provide a deadline for Bina's amended counterclaim in a subsequent order.

    **IT IS SO ORDERED.**