1  Gerald A. Griffin, Esq. (CSB # 076620)
   jgriffin@gglts.com
2  Gary E. Scalabrini, Esq. (CSB # 161902)
   gscalabrini@gglts.com
3  GIBBS, GIDEN, LOCHER, TURNER & SENET LLP
   1880 Century Park East, 12th Floor
4  Los Angeles, California 90067-1621
   (310) 552-3400
5  Fax (310) 552-0805

6  Attorneys for Plaintiff and Counterdefendant,
   ENVIRONMENT FURNITURE, INC. and
7  Counterdefendant ECLEXION INVESTMENTS LLC

8
                    UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA

10 ENVIRONMENT FURNITURE, INC.,          Case No. CV09-7978 PSG (JCx)
   a California corporation,
11                                        [Assigned to the Hon. Philip S.
12              Plaintiff,                 Gutierrez, Courtroom 880 (Roybal)]

13         v.                             **PROTECTIVE ORDER No. 1**

14 THOMAS BINA, an individual;           **[CHANGES MADE BY COURT]**
   TATIANA ORNELLAS, an individual;
15 FOUR HANDS, LLC, a Delaware           Complaint filed:    October 30, 2009
   limited liability company, dba        Discovery Cut-off:  March 22, 2011
16 IMPORTS BY FOUR HANDS, LLC, ,         Expert Disc Cut-off: May 17, 2011
   and PUEBLO NATIVO S.A. de C.V.,       Motion Cut-off:     April 5, 2011
17 aka SEGUSINO, a Mexican company,      Final Pre-trial Conf: June 14, 2011
                Defendants.              Trial Date:         June 28, 2011
18
19 THOMAS BINA,

20         Counterclaimant,

21         v.

22 ENVIRONMENT FURNITURE, INC.,
   GIOVANNI GALLIZIO; DAVIDE
23 BERRUTO; SMANIA, S.p.A., an Italian
   corporation; ECLEXION
24 INVESTMENTS, LLC, A California
   limited liability company; LAWRENCE
25 EDWARD MINDELL,

26         Counterdefendants.

27

28

                                    1
                          _PROTECTIVE ORDER NO. 1_

Environment Furniture - Prot Order.doc

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

The Court, having considered the Stipulation Regarding Proposed Protective Order No. 1 (the "Stipulation") by and between Plaintiff ENVIRONMENT FURNITURE, INC. ("EFI"), Defendant, Four Hands, LLC doing business as Imports by Four Hands, LLC ("FOUR HANDS"), Defendant and Counterclaimant, Thomas Bina ("BINA"), and Counterdefendants, Eclexion Investments LLC ("EILLC"), Davide Berruto ("BERRUTO"), and Giovanni Gallizio ("GALLIZIO") (hereinafter collectively referred to as the "Parties"), rules as follows:

**IT IS HEREBY ORDERED** that a Protective Order be issued as follows:

1.      In connection with any discovery conducted in the above captioned matter, the Parties designate the following information and documents containing said information as "CONFIDENTIAL":

a.      all financial data relating to EFI, EILLC, Four Hands and Bina, including (i) all information regarding the identity of any customers, including customer lists; (ii) pricing information as to customers and/or vendors; (iii) credit terms regarding customers and vendors; (iv) information related to accounts receivable and accounts payable, including, but not limited to, the amounts of any such receivables, the duration of time elapsed prior to payments or collection, and reference to collection agencies for the payment of such accounts receivable and/or payable; (v) all financial statements, including, but not limited to, balance sheets, check ledgers, bank statements, cash flow statements, and profit and loss statements.

b.      all trade secret, confidential and proprietary information, including, without limitation, information regarding the sourcing of raw materials and/or sub-assemblies, techniques regarding the harvesting and selection, preparation and shaping of reclaimed wood and other raw materials, artist's renderings and conceptual drawings, and agreements with customers, suppliers, manufacturers, and other contractors.

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

c.      the categories of protected documents and information, as set forth in subsections "a" and "b" above, whether in whole or in part, shall be referred to as the Confidential Information.

2.      By designating a document, thing, testimony or other information derived therefrom as "CONFIDENTIAL", the Party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.      GOOD CAUSE STATEMENT: Good cause exists for the Order as to the Confidential Information as set forth herein because all Parties refuse to produce the Confidential Information without a protective order, and the Parties agree at this time that the Confidential Information contains confidential trade secret and/or proprietary information and has not been made public, is not available to the public, and has been, at all times, the subject of reasonable efforts to maintain its confidentiality by the Party in possession thereof.  The Parties further agree that it is probable that, in the absence of this Order, any disclosure of any Confidential Information would cause irreparable harm to one or more of the Parties.

4.      Each page of a document containing Confidential Information shall be produced with the legend "CONFIDENTIAL."

5.      Deposition transcripts or portions thereof may be designated, in whole or in part, as "CONFIDENTIAL" by any party either (i) during the deposition; or (ii) by notice to the reporter and all counsel of record after the deposition is concluded. Any party may use a "CONFIDENTIAL" document as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 7 or 8.

6.      Material designated as Confidential Information under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Information shall be used only for the purpose of the prosecution, defense, appeal, or

Environment Furniture - Prot Order.doc

settlement of this action, and for no other purpose; however, nothing in this Order shall limit the Court from admitting into evidence any document consisting of or referring to, or from considering any testimony related to, the Confidential Information.

7. "CONFIDENTIAL" documents and information may be disclosed to the following persons or entities without any admonishment or execution of a written agreement:

   a. the Court, its personnel and the jury;

   b. the Parties, their in-house counsel and, to the extent necessary for the Parties to prosecute or defend this action or any cross-action, their officers and directors;

   c. the respective counsel of the Parties ("Counsel") means (i) outside counsel who have appeared of record in this litigation and any other outside attorneys retained or consulted specifically for purposes related to this litigation, and (ii) includes their respective employees or staff who are assisting them in this litigation; and

   d. persons who are named or described in "CONFIDENTIAL" documents as an author, addressee or person receiving a copy of the material, but only to the extent of documents in which the person is so named.

8. "CONFIDENTIAL" documents and information may also be disclosed to the following persons on the condition that all of the following conditions are met prior to disclosure: (i) each person is orally informed of the substance of the Order and is provided with a copy of this Order; (ii) each person executes a nondisclosure agreement, which is attached hereto as Exhibit "A" (the "Nondisclosure Agreement"); (iii) a copy of each such executed Nondisclosure Agreement is provided to counsel for each of the Parties:

   a. persons who have been specially retained by Counsel to assist them in the prosecution or defense of this litigation, including experts, consultants,

*PROTECTIVE ORDER NO. 1*

Environment Furniture - Prot Order.doc

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

**GIBBS, GIDEN, LOCHER, TURNER & SENET LLP**

and investigators, and who reasonably need to review Confidential Information to perform the services which they have been retained to provide;

        b.    witnesses who may reasonably be expected to give factual testimony at deposition or trial;

        c.    employees of any party who are not eligible to receive Confidential Information under paragraph 8(b), but who have special expertise or knowledge of a type and kind similar to that of an outside consultant or expert and are consulted by Counsel to assist in the prosecution or defense of this litigation, and who reasonably need to review Confidential Information to perform the services which they have been asked to provide; and

        d.    any other person, by written agreement of the Parties.

    9.    If Confidential Information is included in any papers to be filed with the Court, said papers must be submitted for filing under seal.  The Party seeking to file the Confidential Information shall label its papers Confidential–Subject to Court Order and follow the procedures set forth in United States District Court, Central District of California Local Rule 79-5.1.  The Party seeking the filing with the Court of papers containing Confidential Information under seal must obtain the Court's prior approval by submitting a written application and proposed order to the Court pursuant to Local Rule 79-5.1.  Further, the Party seeking to file the foregoing papers with the Court, under seal, shall redact or exclude all "personal identifiers" pursuant to Local Rule 79-5.4.

    10.    As an alternative to filing documents containing Confidential Information under seal, as set forth in Paragraph 9, above, any Party may file redacted documents containing Confidential Information without seal provided that, at least five days prior to the date of filing any such redacted documents, the moving Party meets and confers with the Party who produced the documents at issue (the "Producing Party") and, at any time prior to filing, the moving Party obtains the written consent of the Producing Party to the filing of such redacted documents.  The

*PROTECTIVE ORDER NO. 1*

Environment Furniture - Prot Order.doc

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

1   foregoing procedure does not limit the exclusive right of the Producing Party to
2   lodge its own documents containing Confidential Information (1) under seal with no
3   redactions; or (2) not under seal, but with fewer or no redactions.

4         11.    No sealed or confidential record of the Court maintained by the Clerk
5   shall be disclosed except upon written order of the Court pursuant to Local Rule 79-
6   5.2.  An application for disclosure of sealed or confidential court records shall be
7   made to the Court in writing and filed by the person seeking disclosure. The
8   application shall set forth with particularity the need for specific information in such
9   records. The procedures of Local Rule 7-3 et seq. shall govern the hearing of any
10  such application.

11        12.    In the event that any Confidential Information is used in any court
12  proceeding in this action, other than trial, it shall not lose its confidential status
13  through such use, and the Party using such material shall take all reasonable steps to
14  maintain its confidentiality during such use.

15        13.    This Order is entered solely for the purpose of facilitating the exchange
16  of documents and information between the Parties without involving the Court
17  unnecessarily in the process. Nothing in this Order, nor the production of any
18  information or document under the terms of this Order, nor any proceedings pursuant
19  to this Order shall be deemed to have the effect of an admission or waiver by any of
20  the Parties, or of altering the admissibility or nonadmissibility of any such document
21  or information, or of altering the confidentiality or non-confidentiality of any such
22  document or information, or of altering any existing obligation of any Party or the
23  absence thereof, or of waiving or endangering any constitutional privilege, expressly
24  including the Fifth Amendment right against self-incrimination.

25        14.    The inadvertent failure to designate Confidential Information as
26  confidential under this Order prior to or at the time of disclosure shall not operate as
27  a waiver of the Party's right to subsequently designate such information as
28  confidential.  In the event that information is designated as confidential after a Party

*PROTECTIVE ORDER NO. 1*

Environment Furniture - Prot Order.doc

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

1  inadvertently fails to designate the information as confidential, the receiving Party of
2  such information shall employ reasonable efforts to ensure that all inadvertently
3  disclosed information is subsequently treated as Confidential Information pursuant to
4  the terms of this Order.

5       15.   All Parties agree to be bound by and shall perform under the terms of
6  this stipulation from the date that the stipulation is fully executed and distributed to
7  all Parties, regardless of the date that an Order thereon is entered by the Court.

8       16.   Any disputes related to this Order shall be resolved pursuant to Local
9  Rule 37.  In making or opposing any motion relating to the designation of
10 Confidential Information, the Party seeking to maintain Confidential Information as
11 confidential (as defined in the Order) shall bear the burden of demonstrating the
12 specific prejudice or harm that will result if the Court rules that this Order does not
13 apply to the document(s), thing(s), testimony or other information at issue.

14      17.   Any party hereto is free to seek to modify, alter or amend this Order or
15 seek additional or different protection with respect to confidentiality of any
16 document or information requested or produced by any other party.

17      18.   Upon final termination of this action, Counsel for each party shall, on
18 written request from any counsel for any other party, return all Confidential
19 Information to the party from whom it received it and shall produce a declaration
20 under penalty perjury that a diligent search for all copies of Confidential Information
21 has been conducted, all known copies of same have been retrieved and returned, and
22 to the best of Counsel's knowledge, Counsel's clients no longer retain any copies of
23 Confidential Information. Nothing in this paragraph shall require Counsel to return
24 any pleading or deposition to which Confidential Information was appended,
25 provided that Counsel shall maintain such information solely for the purposes of its
26 own records.

27

28

7

19.     The restrictions imposed by this Order may be modified, terminated or excused by written stipulation of all Parties affected by any such modification, termination or excuse.

20.     The terms of this Order shall survive the termination of this action.


APPROVED AND SO ORDERED:


Dated:        October 13, 2010

_____/s/_____

Jacqueline Choolijan,

U.S. Magistrate Judge

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

## EXHIBIT "A": NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Order which was filed and entered on _____, 2010, in the case of *Environment Furniture, Inc. v. Thomas Bina, et al.*, United States District Court for the Central District of California, Civil Action No. CV 09-7978 PSG (JCx) with respect to disclosures made by ENVIRONMENT FURNITURE, INC., ECLEXION INVESTMENTS LLC, FOUR HANDS, LLC, DOING BUSINESS AS IMPORTS BY FOUR HANDS, LLC, LAWRENCE MINDELL, THOMAS BINA, TATIANA ORNELLAS, GIOVANNI GALLIZIO and DAVIDE BERRUTO, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

By _____
    (Signature)

Name: _____          Title: _____

*PROTECTIVE ORDER NO. 1*

Environment Furniture - Prot Order.doc