O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#85

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | December 6, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Counter-Defendants' Motion to Dismiss

  Pending before the Court is Counter-Defendants' Motion to Dismiss the seventh, eighth, eleventh, twelfth, and thirteenth counterclaims in the First Amended Counterclaim of Thomas Bina. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the Motion, the Court GRANTS the Motion.

I. Background

  On October 30, 2009, Environment Furniture, Inc. ("Environment Furniture" or "Environment") sued Thomas Bina ("Bina") and other defendants for misappropriation of trade secrets, breach of contract, and violation of the Lanham Act, followed shortly by a First Amended Complaint on November 13, 2009. On January 29, 2010, Bina filed an Answer and a Counterclaim containing nineteen causes of action. Among others, Bina brought the following counterclaims against Giovanni Gallizio ("Gallizio") and Davide Berruto ("Berruto"): (1) the third cause of action for injunctive relief, (2) the fourth cause of action for accounting, (3) the seventh cause of action for breach of the implied covenant of good faith and fair dealing, (4) the eighth cause of action for breach of fiduciary duty, (5) the eleventh cause of action for fraud, (6) the twelfth cause of action for declaratory relief against Berruto only, (7) the thirteenth cause of action for breach of fiduciary duty, (8) the fourteenth cause of action for dissolution, (9) the fifteenth cause of action for defamation, (10) the fifteenth [sic] cause of action for intentional interference with prospective economic relations, and (11) the sixteenth cause of action for unfair business practices. The seventh cause of action for breach of the implied covenant of

**O**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**#85**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7978 PSG (JCx) | Date | December 6, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina, *et al.* | | |

good faith and fair dealing was also asserted against Environment Furniture, Eclexion Investments LLC ("Eclexion") and Smania, S.p.A. ("Smania").

On July 27, 2010, this Court dismissed the counterclaims against Environment Furniture, Eclexion, and Smania with prejudice, except for the seventh cause of action, which the Court dismissed with leave to amend. On August 10, 2010, this Court granted Gallizio's motion to dismiss all of the counterclaims against him with leave to amend for insufficient process, except for the seventh counterclaim, which was dismissed with prejudice. *See August 10, 2010 Order ("Order")* Dkt. #77. In the same Order, the Court dismissed the seventh, eleventh, twelfth, and thirteenth counterclaims for failure to state a claim under Rule 12(b)(6) with leave to amend, but did not address the fourteenth, fifteenth, fifteenth [sic], or sixteenth counterclaims. Bina filed a First Amended Counterclaim ("FACC") on September 3, 2010, and Counter-Defendant Berruto filed the pending Motion to Dismiss on September 27, 2010, which Environment Furniture, Eclexion, and Smania (collectively with Berruto, "Counter-Defendants") joined as to the seventh counterclaim. *See* Dkt. #95.

II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

In resolving a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. The Court must first accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#85**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7978 PSG (JCx) | Date | December 6, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina, *et al.* | | |

1950. To further the inquiry, the Court may consider documents outside the pleadings if the authenticity of the extrinsic materials is not questioned and the complaint either refers to them or necessarily relies upon them. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superceded by statute on other grounds*. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

III.   Discussion

Counter-Defendants, individually or together, move to dismiss counterclaims seven (breach the implied covenant of good faith and far dealing), eight (breach of fiduciary duty), eleven (fraud), twelve (declaratory relief), and thirteen (breach of fiduciary duty). Because the declaratory relief claim is related to the fraud claim, they will be addressed together, as will the two breach of fiduciary duty claims. The Court addresses each in turn.

1.   Breach of the Implied Covenant of Good Faith and Fair Dealing (Seventh Counterclaim)

Like in the original Counterclaim, Bina asserts that Counter-Defendants' conduct breached the implied covenant of good faith and fair dealing that is present in all contracts. *FACC* ¶ 49. Counter-Defendants move to dismiss this claim on the grounds that it is duplicative and based on the same conduct as Bina's fifth cause of action for breach of contract. *See* Mot. 5:7-14. It was for that very reason that the Court dismissed Bina's original seventh counterclaim in the earlier Order. *See Order* at 5-6.

California law requires that a claim for breach of the implied covenant of good faith and fair dealing "go beyond the statement of a mere contract breach" and not "rel[y] on the same alleged acts [or] simply seek the same damages or other relief already claimed in a companion contract cause of action." *Careau & Co. v. Sec. Pac.*, 222 Cal. App. 3d 1371, 1395, 272 Cal. Rptr. 387 (1990). In fact, plaintiffs must plead facts showing bad faith and demonstrating "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence, but rather by a conscious and deliberate act." *Id.* In the earlier motion to dismiss, Bina admitted that his implied covenant claim was duplicative of his breach

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#85

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | December 6, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina, *et al.* | | |

of contract claim. *See Order* at 6. Although he no longer admits to that, the amendments made by Bina to the FACC do not disturb the Court's earlier holding.

In Bina's fifth counterclaim for breach of contract, he asserts that that the "Buy-Sell Agreement required that no shareholder of Environment Furniture [could] sell his or its shares to a third party without giving a right of first refusal to Environment . . . a right of second refusal to the individual shareholders . . . and obtaining the consent of all shareholders." *FACC* ¶ 35. Eclexion's sale of 107,000 shares to Smania allegedly breached the terms of the Buy-Sell Agreement because it did not give Environment the right of first refusal or Bina the right of second refusal. *Id.* ¶¶ 36-37. When the fifth counterclaim for breach of contract is compared with the seventh counterclaim for breach of the implied covenant of good faith and fair dealing, it is clear that the two are duplicative. For example, the seventh claim is predicated upon the transfer of "shares in violation of the Buy-Sell Agreement," which "deprived . . . Bina of the benefits of the Buy-Sell Agreement." The two claims are one in the same and the breach of the implied covenant of good faith and fair dealing must give way to the breach of contract claim.

The fact that Bina added a paragraph to the First Amended Counterclaim about "intentional[], conscious[] and deliberate[]" conduct does not mean that his seventh counterclaim can survive Counter-Defendants' 12(b)(6) motion. Bina attempts to establish bad faith by inserting the language of *Careau* into paragraph 51 of his Counterclaim; the Counterclaim states that Counter-Defendants' actions were "not done by any honest mistake, bad judgment or negligence, but [were] done consciously and deliberately, and frustrated the agreed upon common purpose," whereas *Careau* states that a plaintiff must plead facts demonstrating "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence, but rather by a conscious and deliberate act." *See FACC* ¶ 51; *see also Careau & Co.*, 222 Cal. App. 3d at 1395. The point of *Careau* is not that inserting certain language into a complaint will make an implied covenant claim suddenly viable, but that a Plaintiff must allege *facts* establishing the bad faith breach of the implied covenant. *See id.* As Bina has only added the conclusory language of *Careau* and not any specific facts showing Counter-Defendants' breach of the implied covenant of good faith and faith dealing, Bina's seventh counterclaim is duplicative and insufficiently pleaded again. Accordingly, the seventh counterclaim is DISMISSED WITH PREJUDICE.[1]

---

[1] Counter-Defendants Environment, Eclexion and Smania joined Berruto's Motion to Dismiss for purposes of the seventh counterclaim only. The Court's dismissal of counterclaim seven operates upon all Counter-Defendants.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#85**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7978 PSG (JCx) | Date | December 6, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina, *et al.* | | |

    2.    <u>Breach of Fiduciary Duties (Eighth and Thirteenth Counterclaims)</u>

    Counter-Defendants move to dismiss Bina's eighth and thirteenth counterclaims for breach of fiduciary duty. The eighth claim is for breach of the alleged fiduciary duty of "good faith and fair dealing," while the thirteenth claim is for breach of the duties of loyalty and care. *FACC* ¶¶ 55, 93. Counter-Defendants again point out the same flaw in the First Amended Counterclaim that existed in the original Counterclaim: "Bina has alleged no injury, other than that incidental to the corporation." *Mot.* 7:27-28.

    As the Court explained in the August 10 Order, "a corporation which suffers damages through wrongdoing by its officers and directors [generally] must itself bring the action to recover the losses thereby occasioned, or if the corporation fails to bring the action, suit may be filed by a stockholder acting derivatively on behalf of the corporation." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 124, 84 Cal. Rptr. 2d 753 (1999). An exception to this rule exists "where it appears that the injury resulted from the violation of some special duty owed to the stockholder by the wrongdoer and having it origin in circumstances independent of the plaintiff's status as a stockholder." *Rankin v. Frebank Co.*, 47 Cal. App. 3d 75, 95, 121 Cal. Rptr. 348 (1975) (citations omitted).

    First, the Court notes that Bina has failed to allege an actionable breach of fiduciary duty claim against Berruto in the eighth counterclaim. Bina claims that the Counter-Defendants owed Bina a "fiduciary duty of good faith and fair dealing" and that by breaching the Buy-Sell Agreement, they violated those duties. *FACC* ¶¶ 55-60. This claim is duplicative of Bina's implied covenant of good faith and fair dealing claim, which the Court has already determined is insufficiently pleaded.

    Bina has left the substance of his thirteenth counterclaim for breach of fiduciary duties largely unaltered, and maintains that Coutner-Defendants (1) made unfavorable loans to Environment, (2) misappropriated money belonging to Environment by paying themselves, their relatives and their related entities, (3) displayed competitive furniture in Environment's showrooms, (4) permitted the transfer of stock in violation of the Buy-Sell Agreement, (5) caused Environment to issue 37,500 shares of stock to Berruto for no consideration, (6) failed to account to Bina and the board of directors, (7) shut out Bina from fulfilling his duties to the company, (8) refused to use a furniture factory in Mexico that would have saved Environment money, and (9) terminating Bina from Environment. *See FACC* ¶ 95. As a result, Bina alleges certain damages to Environment, *see id.* ¶ 96, and certain damages to himself as an individual, *see id.* ¶ 97. Specifically, Bina claims that he was injured individually because he could not

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#85**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7978 PSG (JCx) | Date | December 6, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina, *et al.* | | |

acquire additional shares, his stock was diluted, he was not able to get a full accounting, and that he lost income and other compensation upon termination. The alleged breaches caused injuries that, except for Bina's claim that he was improperly fired, are those of the corporation as a whole. To the extent that Bina has suffered an individual injury by being fired, his claim is nevertheless deficient because the counterclaim does not allege that he was owed a special duty, or that terminating his employment violated such a duty. Merely saying that "[t]erminating Bina from Environment Furniture" was a breach of Berruto's "fiduciary duties" is the type of conclusory allegation prohibited by *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))).

The injuries allegedly caused by the breaches of fiduciary duties were largely suffered by Environment as a whole, and must be redressed by the corporation itself or derivatively. In addition, Bina's allegation that he suffered an individual harm must fail because the First Amended Counterclaim fails to specify any special duty owed individually to Bina, or that he was terminated by the corporation in breach of a fiduciary duty. As a result, the eighth and thirteenth counterclaims asserted against Berruto are DISMISSED WITH PREJUDICE.

    3.    <u>The Fraud Based Claims (Eleventh and Twelfth Counterclaims)</u>

Counter-Defendant Berruto moves to dismiss Bina's eleventh claim for fraud and twelfth claim for declaratory relief. The Court dismisses them for three reasons: (1) Bina has failed to establish causation; (2) Bina does not allege any fraudulent statement by Berruto with particularity; and (3) the declaratory relief claim is based entirely on Bina's deficient fraud claim.

The elements of fraud are (a) a misrepresentation or omission; (b) knowledge of falsity (or "scienter"); (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377 (1996). In the August 10 Order, the Court held that Bina failed to allege that his injuries were caused by the purportedly fraudulent conduct, and the Court does so again now.

The basis for Bina's fraud claim is the allegation that he was fraudulently induced into voting to give shares of Environment to Berruto. *See FACC* ¶ 80. Bina, however, has always been a minority shareholder incapable of voting to stop the transfer of shares. *See id.* ¶ 79. No amendment to the FACC could alter that fact and the only real difference between the original

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#85

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | December 6, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina, *et al.* | | |

Counterclaim and the First Amended Counterclaim is the addition of the statement that "Bina could also have taken action to prevent the transfer by Eclexion by obtaining a restraining order to stop the transfer to Berruto." *Id.* ¶ 85. This same argument was advanced in opposition to the earlier motion to dismiss, which the Court rejected. *See Order* at 8. Simply moving it from the earlier Opposition to the First Amended Counterclaim does not change the fact that it is pure speculation—"Bina *could* also have . . . obtaine[ed] a restraining order"—unsubstantiated by any grounds on which he could have requested the restraining order. Such speculative pleading does not establish causation and is not sufficient to withstand a 12(b)(6) motion.

In addition, Bina's fraud claim is based on a statement made by Gallizio, who has not been properly served and is not a party to the pending Motion to Dismiss. The only connections between Berruto and Gallizio's statement that he would compensate Bina if Bina agreed to the stock transfer, are Bina's allegations that Berruto and Gallizio are "close friend[s]," *FACC* ¶ 87, and that "Gallizio [was] acting in concert with, under the direction of, and pursuant to a conspiracy with Berruto," *id.* ¶ 81. Fraud, however, must be pleaded with particularity, as does conspiracy to commit fraud. *See* Fed. R. Civ. P. 9(b); *see also Wasco Products v. Southwell Technologies*, 435 F.3d 989, 991 (9th Cir. 2006) (holding that "under federal law a plaintiff must plead, at a minimum, the basic elements of a civil conspiracy if the object of the conspiracy is fraudulent"). The First Amended Counterclaim does not allege the factual predicates of a conspiracy to commit fraud between Gallizio and Berruto at all, let alone with the degree of particularity required by Rule 9(b). While Bina *may* have alleged that Gallizio made a fraudulent statement, the Counterclaim does not adequately connect that statement to Berruto.

Moreover, Bina's amendments to the Counterclaim flatly contradict his earlier pleadings and the affidavit submitted by Bina in opposition to the pending Motion. First, the original counterclaim alleged that Bina was induced to "grant" an award of 37,500 shares of Environment Furniture, which would dilute Bina's existing shares. *See Original Counterclaim* ¶¶ 77, 84. The First Amended Counterclaim entirely changes the nature of the transaction and says that Bina actually transferred his own existing shares—as opposed to granting new shares—which resulted in the reduction—not simply dilution—of the shares. *See FACC* ¶ 80. Not only are the pleadings themselves contradictory, but Bina's new allegations also contradict the Buy-Sell Agreement that he referenced in Counterclaim. *See, e.g., FACC* ¶ 34. The First Amended Counterclaim alleges that Bina owned 54,375 shares of Environment before the transfer, but the Buy-Sell Agreement indicates that Bina actually owned only 43,000. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (attached documents "are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim"). Finally, in the affidavit submitted with Bina's Opposition,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#85

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | December 6, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina, *et al.* | | |

he states that: "In looking at the documentation, I am not sure how or where Berruto's 37,500 shares came from." *See Bina Decl.*, ¶ 11. The Court has already issued a Rule 11 warning and admonished the parties that they must provide a solid foundation upon which their claims are to stand. *See Order* at 13. Bina's declaration, together with all the other inconsistencies, establishes his lack of good faith and that his "factual contentions [lack] evidentiary support." *See* Fed. R. Civ. P. 11(a)(3).

Based on the facts that Bina was a minority shareholder with no ability to stop the award of shares to Berruto, and that Bina has failed to allege fraud with particularity, the Court dismisses the eighth counterclaim with prejudice. Because Bina admitted that he has no good faith belief in his claims, as required by Rule 11, the Court also orders the parties to appear explain why sanctions are not warranted.

Related to the claim of fraud, Bina asks this Court to declare that the stock transfer was fraudulent and voidable. *See FACC* ¶ 91. As it was in the first motion to dismiss, this claim is derivative of the fraud claim, which has been dismissed. Therefore, the Court GRANTS the Motion to Dismiss Bina's counterclaims for fraud and declaratory relief as to Berruto WITH PREJUDICE.

IV. Conclusion

Based on the foregoing, the Court:

(1) GRANTS Counter-Defendants' motion to dismiss the seventh (breach the implied covenant of good faith and far dealing), eighth (breach of fiduciary duty), eleventh (fraud), twelfth (declaratory relief), and thirteenth (breach of fiduciary duty) counterclaims asserted against Berruto with prejudice; and

(2) GRANTS Counter-Defendants' Motion to Dismiss the seventh counterclaim asserted against Environment, Eclexion, Samnia and Berruto.

A **court ordered hearing** regarding an Order to Show Cause as to why Bina should not be sanctioned under Federal Rule of Civil Procedure 11 will be held on **January 31, 2011 at 3:30 p.m.** The Court sets the briefing schedule as follows:

(1) Bina's opening brief is due January 3, 2011

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#85**

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | December 6, 2010 |
|---|---|---|---|
| Title | Environment Furniture, Inc. v. Thomas Bina, *et al.* | | |

    (2)    Counter-defendants Berruto, Environment Furniture, Eclexion and Smania's brief addressing (a) whether sanctions are warranted under Rule 11, and (b) what kind of sanctions are warranted, is due January 18, 2011.