**ROSS & MORRISON**
Gary B. Ross (SBN 121691)
ross@rossandmorrison.com
Andrew D. Morrison (SBN 144216)
morrison@rossandmorrison.com
315 S. Beverly Drive, Suite 410
Beverly Hills, CA 90212
Ph.: 310.285.0391; Fax: 310.285.6083

Attorneys for Counter-Defendants
Davide Berruto and Giovanni Gallizio

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVIRONMENT FURNITURE, INC., etc., | CASE NO. CV09-7978-PSG(JCx) |
| Plaintiff, | COUNTER-DEFENDANT GIOVANNI GALLIZIO'S ANSWER TO FIRST AMENDED COUNTERCLAIM OF DEFENDANT THOMAS BINA |
| v. | |
| THOMAS BINA, etc., et al. | |
| Defendants. | |
| And Related Counterclaims | |

Counter-defendant Giovanni Gallizio("Counter-defendant"), for himself only, hereby answers defendant/counter-claimant Thomas Bina's First Amended Counterclaim as follows:

Counter-defendant generally and specifically denies each and every allegation of the First Amended Counterclaim, except as expressly admitted below.

1.   Counter-defendant lacks sufficient information or belief, and on that basis denies each and every allegation of paragraph 1.

2.   Counter-defendant, on information and belief, admits the allegations of paragraph 2.

3.   Counter-defendant, on information and belief, admits

1  that Bina holds approximately 23% of EFI stock and that Bina was

2  a director and officer of EFI until approximately April 3, 2009.

3  Except as expressly admitted, Counter-defendant denies each and

4  every allegation of paragraph 3.

5       4.   Counter-defendant admits that he is an individual

6  residing in Italy.  Except as expressly admitted, Counter-

7  defendant denies each and every allegation of paragraph 4.

8       5.   Counter-defendant, on information and belief, admits

9  the allegations of paragraph 5.

10      6.   Counter-defendant, on information and belief, admits

11  the allegations of paragraph 6.

12      7.   Counter-defendant, on information and belief, admits

13  the allegations of paragraph 7.

14      8.   Counter-defendant, on information and belief, admits

15  Maratea Associates LLC ("MALLC") is a California limited

16  liability company, and that MALLC is managed by its members in

17  accordance with Article V of the Second Amended and Restated

18  Operating Agreement of Maratea Associates LLC.  Except as

19  expressly admitted, Counter-defendant denies each and every

20  allegation of paragraph 8.

21      9.   Counter-defendant, on information and belief, admits

22  that Lawrence Edward Mindell ("Mindell") is an attorney licensed

23  to practice law in California, that Mindell is corporate counsel

24  to EFI and outside counsel to MALLC, and that Mindell

25  represented Eclexion Investments, LLC ("EILLC") with respect to

26  certain transactions.  Except as expressly admitted, Counter-

27  defendant denies each and every allegation of paragraph 9.

28      10.  Counter-defendant lacks sufficient information or

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS

Gallizio answer.wpd

1   belief, and on that basis denies each and every allegation of

2   paragraph 10.

3       11.   Counter-defendant admits that Berruto is presently an

4   officer, director and shareholder of EFI, and a member of MALLC.

5   Except as expressly admitted, Counter-defendant denies each and

6   every allegation of paragraph 11.

7       12.   Counter-defendant admits that Berruto and Gallizio

8   have been business acquaintances for several years.  Except as

9   expressly admitted, Counter-defendant denies each and every

10  allegation of paragraph 12.

11      13.   Counter-defendant, on information and belief, admits

12  that Berruto and Gallizio are members of EILLC.  Except as

13  expressly admitted, Counter-defendant denies each and every

14  allegation of paragraph 13.

15      14.   Counter-defendant, on information and belief, admits

16  that BINA presently holds 43,000 shares of EFI stock, which is

17  roughly 23% of the total outstanding stock of EFI, and which was

18  formerly approximately 29% of the outstanding stock of EFI; and

19  that until April 2009 Bina was an officer and director of EFI.

20  Except as expressly admitted, Counter-defendant denies each and

21  every allegation of paragraph 14.

22      15.   Counter-defendant, on information and belief, admits

23  that Bina has been a member of MALLC from its inception through

24  the present.  Except as expressly admitted, Counter-defendant

25  denies each and every allegation of paragraph 14.

26  / / /

27  / / /

28  / / /

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS

Gallizio answer.wpd

1    FIRST CLAIM FOR RELIEF FOR DECLARATORY RELIEF

2        Paragraphs 16-22.  This counterclaim does not name Counter-

3    defendant and therefore does not call for a response by Counter-

4    defendant; and Counter-defendant denies each and each and every

5    allegation of paragraphs 16-22 on that basis.

6    SECOND CLAIM FOR RELIEF FOR RETALIATORY DISCHARGE

7        Paragraphs 23-25.  This counterclaim does not name Counter-

8    defendant and therefore does not call for a response by Counter-

9    defendant; and Counter-defendant denies each and each and every

10   allegation of paragraphs 23-25 on that basis.

11   THIRD CLAIM FOR RELIEF FOR INJUNCTIVE RELIEF

12       Paragraphs 26-31.  This counterclaim does not seek any

13   relief against Counter-defendant individually and therefore does

14   not call for a response by Counter-defendant; and Counter-

15   defendant denies each and each and every allegation of

16   paragraphs 26-31 on that basis.

17   FOURTH CLAIM FOR RELIEF FOR ACCOUNTING

18       Paragraphs 32-33.  This counterclaim does not seek any

19   relief against Counter-defendant individually and therefore does

20   not call for a response by Counter-defendant; and Counter-

21   defendant denies each and each and every allegation of

22   paragraphs 32-33 on that basis.

23   FIFTH CLAIM FOR RELIEF FOR BREACH OF WRITTEN CONTRACT

24       Paragraphs 34-40.  This counterclaim does not name Counter-

25   defendant and therefore does not call for a response by Counter-

26   defendant; and Counter-defendant denies each and each and every

27   allegation of paragraphs 34-40 on that basis.

28   / / /

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS

Gallizio answer.wpd

1    SIXTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF AND ORDER SETTING

2                    ASIDE STOCK TRANSFER TO SMANIA

3        Paragraphs 41-47.  This counterclaim does not name Counter-

4    defendant and therefore does not call for a response by Counter-

5    defendant; and Counter-defendant denies each and each and every

6    allegation of paragraphs 41-47 on that basis.

7    SEVENTH CLAIM FOR RELIEF FOR BREACH OF THE IMPLIED COVENANT OF

8                      GOOD FAITH AND FAIR DEALING

9        Paragraphs 48-53.  This counterclaim has been dismissed as

10   to Counter-defendant and therefore does not call for a response

11   by Counter-defendant; and Counter-defendant denies each and each

12   and every allegation of paragraphs 48-53 on that basis.

13       EIGHTH CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY

14       Paragraphs 54-66.  This counterclaim has been dismissed as

15   to Counter-defendant (per Court order and agreement of the

16   parties) and therefore does not call for a response by Counter-

17   defendant; and Counter-defendant denies each and each and every

18   allegation of paragraphs 54-66 on that basis.

19       NINTH CLAIM FOR RELIEF FOR PROFESSIONAL NEGLIGENCE

20       Paragraphs 67-71.  This counterclaim does not name Counter-

21   defendant and therefore does not call for a response by Counter-

22   defendant; and Counter-defendant denies each and each and every

23   allegation of paragraphs 67-71 on that basis.

24       TENTH CLAIM FOR RELIEF FOR FRAUD

25       Paragraphs 72-78.  This counterclaim does not name Counter-

26   defendant and therefore does not call for a response by Counter-

27   defendant; and Counter-defendant denies each and each and every

28   allegation of paragraphs 72-78 on that basis.

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS
Gallizio answer.wpd

1          ELEVENTH CLAIM FOR RELIEF FOR FRAUD

2          Paragraphs 79-89.  This counterclaim has been dismissed as

3    to Counter-defendant (per Court order and agreement of the

4    parties) and therefore does not call for a response by Counter-

5    defendant; and Counter-defendant denies each and each and every

6    allegation of paragraphs 79-89 on that basis.

7     TWELFTH CLAIM FOR RELIEF- DECLARATORY RELIEF AND FOR AN ORDER

8     SETTING ASIDE THE BERRUTO STOCK GRANT IN ENVIRONMENT FURNITURE

9          Paragraphs 90-92. This counterclaim does not name Counter-

10   defendant and therefore does not call for a response by Counter-

11   defendant; and Counter-defendant denies each and each and every

12   allegation of paragraphs 90-92 on that basis.

13      THIRTEENTH CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY

14         Paragraphs 93-98.  This counterclaim has been dismissed as

15   to Counter-defendant (per Court order and agreement of the

16   parties) and therefore does not call for a response by Counter-

17   defendant; and Counter-defendant denies each and each and every

18   allegation of paragraphs 93-98 on that basis.

19   FOURTEENTH CLAIM FOR RELIEF-DISSOLUTION OF ENVIRONMENT FURNITURE

20         Paragraphs 99-103.  This counterclaim does not seek any

21   relief against Counter-defendant individually and therefore does

22   not call for a response by Counter-defendant; and Counter-

23   defendant denies each and each and every allegation of

24   paragraphs 99-103 on that basis.

25          FIFTEENTH CLAIM FOR RELIEF FOR DEFAMATION

26         104. Counter-defendant denies each and every allegation of

27   paragraph 104.

28         105. Counter-defendant, on information and belief, admits

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS
Gallizio answer.wpd

1  that Exhibit 2 to the first amended counterclaims is an email

2  which was sent on the date it bears from and to the persons

3  indicated thereon.  Except as expressly admitted, Counter-

4  defendant denies each and every allegation of paragraph 105.

5      106. Counter-defendant denies each and every allegation of

6  paragraph 106.

7      107. Counter-defendant denies each and every allegation of

8  paragraph 107.

9      108. Counter-defendant denies each and every allegation of

10 paragraph 108.

11     109. Counter-defendant denies each and every allegation of

12 paragraph 109.

13   SIXTEENTH CLAIM FOR RELIEF FOR INTENTIONAL INTERFERENCE WITH

14                PROSPECTIVE ECONOMIC RELATIONS

15     110. Counter-defendant incorporates by reference responses

16 to Paragraphs 104-107, above.

17     111. Counter-defendant denies each and every allegation of

18 paragraph 111.

19     112. Counter-defendant denies each and every allegation of

20 paragraph 112.

21     113. Counter-defendant denies each and every allegation of

22 paragraph 113.

23     114. Counter-defendant denies each and every allegation of

24 paragraph 114.

25   SEVENTEENTH CLAIM FOR RELIEF FOR UNFAIR BUSINESS PRACTICES-

26 VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE SEC 17200, ET SEQ.

27     115. Counter-defendant incorporates by reference responses

28 to Paragraphs 104-107, and 111-112 above.

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS

Gallizio answer.wpd

1    116. Counter-defendant denies each and every allegation of
2  paragraph 116.

3    117. Counter-defendant denies each and every allegation of
4  paragraph 117.

5  EIGHTEENTH CLAIM FOR RELIEF FOR BREACH OF FIDUCIARY DUTY

6    Paragraphs 118-123.  This counterclaim does not name
7  Counter-defendant and therefore does not call for a response by
8  Counter-defendant; and Counter-defendant denies each and each
9  and every allegation of paragraphs 118-123 on that basis.

10   NINETEENTH CLAIM FOR RELIEF FOR PROFESSIONAL NEGLIGENCE

11   Paragraphs 124-127.  This counterclaim does not name
12 Counter-defendant and therefore does not call for a response by
13 Counter-defendant; and Counter-defendant denies each and each
14 and every allegation of paragraphs 124-127 on that basis.

15                     AFFIRMATIVE DEFENSES

16   Counter-defendant alleges the following separate and
17 independent affirmative defenses:

18                  FIRST AFFIRMATIVE DEFENSE

19   1.   The counter-claim(s), and each and every cause of
20 action contained therein, fails to state facts sufficient to
21 constitute a cause of action against Counter-defendant.

22                 SECOND AFFIRMATIVE DEFENSE

23   2.   Counter-claimant's claims are barred, in whole or in
24 part, by the doctrine of avoidable consequences and/or failure
25 to mitigate alleged damages, if any were suffered.

26                  THIRD AFFIRMATIVE DEFENSE

27   3.   Counter-claimant's claims are barred, in whole or in
28 part, by the doctrine of unclean hands.

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS
Gallizio answer.wpd

FOURTH AFFIRMATIVE DEFENSE

4.   Counter-claimant's claims are barred, in whole or in part, by the doctrine of waiver.

FIFTH AFFIRMATIVE DEFENSE

5.   Counter-claimant's claims are barred, in whole or in part, by the doctrine of estoppel.

SIXTH AFFIRMATIVE DEFENSE

6.   Counter-claimant's claims are barred, in whole or in part, by the doctrine of laches.

SEVENTH AFFIRMATIVE DEFENSE

7.   Counter-claimant's claims are barred, in whole or in part, because Counter-defendant' conduct was undertaken, if at all, with Counter-claimant's prior consent, knowledge, acquiescence, ratification and/or approval.

EIGHTH AFFIRMATIVE DEFENSE

8.   Counter-claimant's claims are barred, in whole or in part, because counter-defendant's conduct, if any, was justified and/or privileged.

NINTH AFFIRMATIVE DEFENSE

9.   Counter-claimant's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

TENTH AFFIRMATIVE DEFENSE

10.   Counter-claimant's claims are barred, in whole or in part, based on Counter-claimant's lack of standing to bring/assert such claims.

ELEVENTH AFFIRMATIVE DEFENSE

11.   Counter-claimant's claims are barred, in whole or in part, based on Counter-claimant's failure of joinder; and/or

9

1   absence of indispensable party or parties.

2                TWELFTH AFFIRMATIVE DEFENSE

3        12.   Counter-claimant's claims for punitive damages are

4   unconstitutional under State and Federal law.

5              THIRTEENTH AFFIRMATIVE DEFENSE

6        13.   Counter-claimant's claims are barred, in whole or in

7   part, as against Counter-defendant, because Counter-claimant's

8   damages, if any, were caused by Counter-claimant himself and/or

9   persons other than Counter-defendant, and Counter-defendant is

10  liable, if at all, only for his proportion of fault, which is

11  denied.

12             FOURTEENTH AFFIRMATIVE DEFENSE

13       14.   Counter-claimant's claims are barred, in whole or in

14  part, by the doctrine of offset and/or recoupment for amounts

15  owed Counter-claimant to Counter-defendant.

16             FIFTEENTH AFFIRMATIVE DEFENSE

17       15.   Counter-claimant's claims are barred, in whole or in

18  part, based on a mistake of fact or law.

19             SIXTEENTH AFFIRMATIVE DEFENSE

20       16.   Counter-claimant's claims are barred, in whole or in

21  part, based on the doctrine of impossibility and/or

22  impracticability.

23             SEVENTEENTH AFFIRMATIVE DEFENSE

24       17.   Counter-claimant's claims are barred, in whole or in

25  part, based on the doctrine of substantial performance.

26             EIGHTEENTH AFFIRMATIVE DEFENSE

27       18.   Counter-claimant's claims are barred, in whole or in

28  part, by the applicable statute(s) of limitations.

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS

Gallizio answer.wpd

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

19.  Counter-claimant's claims are barred, in whole or in part, by the doctrine of competition privilege.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

20.  Counter-claimant's claims are barred, in whole or part, by failure to use ordinary care and diligence, failure to comply with Cal. Labor Code §§ 2850-2866, and/or other misconduct.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

21.  Counter-claimant's claims are barred, in whole or part, by fraud.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

22.  Counter-claimant's claims are barred, in whole or part, by lack of consideration.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

23.  Counter-claimant's claims are barred, in whole or part, by illegality.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

24.  Counter-claimant's claims are barred, in whole or part, by the statute of frauds.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

25.  Counter-claimant's claims are barred, in whole or part, by because Counter-defendant acted with due care and in a commercially reasonable manner.

<u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

26.  Counter-claimant's claims are barred, in whole or part, by because Counter-claimant seeks relief outside scope and/or jurisdiction of this Court.

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS

Gallizio answer.wpd

1              TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2        27.  Counter-claimant's claims are barred, in whole or

3   part, by Counter-claimant's failure to perform and own breaches.

4              TWENTY-EIGHTH AFFIRMATIVE DEFENSE

5        28.  Counter-claimant's claims are barred, in whole or

6   part, by Counter-claimant's prevention of performance.

7              TWENTY-NINTH AFFIRMATIVE DEFENSE

8        29.  Counter-claimant's claims are barred, in whole or

9   part, by Counter-claimant's anticipatory repudiation.

10              THIRTIETH AFFIRMATIVE DEFENSE

11        30.  Counter-claimant's claims are barred, in whole or

12   part, by Counter-claimant's failure to make requisite demand.

13              THIRTY-FIRST AFFIRMATIVE DEFENSE

14        31.  Counter-claimant's claims are barred, in whole or

15   part, by recision and/or unenforceability of the underlying

16   contract.

17              THIRTY-SECOND AFFIRMATIVE DEFENSE

18        32.  Counter-claimant's claims are barred, in whole or

19   part, by Counter-claimant's failure to exercise due care.

20              THIRTY-THIRD AFFIRMATIVE DEFENSE

21        33.  Counter-claimant's claims are barred, in whole or

22   part, by the doctrine of excuse.

23              THIRTY-FOURTH AFFIRMATIVE DEFENSE

24        34.  Counter-claimant's claims are barred, in whole or

25   part, by doctrine of failure of conditions precedent.

26              THIRTY-FIFTH AFFIRMATIVE DEFENSE

27        35.  Counter-claimant's claims are barred, in whole or in

28   part, because the alleged statements, if any, were true.

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS

1        THIRTY-SIXTH AFFIRMATIVE DEFENSE

2        36.   Counter-claimant's claims are barred, in whole or in

3    part, on the grounds that the alleged statements, if any were

4    made, were privileged.

5        THIRTY-SEVENTH AFFIRMATIVE DEFENSE

6        37.   Counter-claimant's claims are barred, in whole or in

7    part, on the grounds that the alleged statements, if any were

8    made, were made with plaintiff's express or implied consent.

9        THIRTY-EIGHTH AFFIRMATIVE DEFENSE

10       38.   Counter-claimant's claims are barred, in whole or in

11   part, on the grounds that the alleged statements, if any were

12   made, were not statements of fact, by rather opinion or other

13   non-actionable matter.

14       THIRTY-NINTH AFFIRMATIVE DEFENSE

15       39.   Counter-claimant's claims are barred, in whole or in

16   part, on the grounds that the alleged statements, if any were

17   made, were made without malice.

18       FORTIETH AFFIRMATIVE DEFENSE

19       40.   Counter-claimant's clams are frivolous, unreasonable

20   and groundless.  Accordingly, counter-defendants is entitled to

21   recover all costs and attorneys' fees incurred herein.  (FRCP

22   Rule 11).

23       FORTY-FIRST AFFIRMATIVE DEFENSE

24       41.   Counter-defendant has insufficient information upon

25   which to form a belief as to whether there may be additional

26   affirmative defenses to Counter-claimant's claims.  Counter-

27   defendant therefore reserve the right to assert additional

28   affirmative defenses at a later time.

13

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS

Gallizio answer.wpd

1

PRAYER

2      WHEREFORE, Counter-defendant prays for judgment as follows:

3      1.    That counter-claimant take nothing by the petition;

4      2.    That judgment be awarded in favor of Counter-defendant

5  and against counter-claimant;

6      3.    That Counter-defendant be awarded costs of suit

7  incurred herein, including reasonable attorneys fees;

8      4.    That counter-claimant's prayer be stricken; and

9      5.    For such other relief as the Court may deem proper.

10  January 19, 2011                    ROSS & MORRISON

11

12                          By:  _____

13                                   Gary B. Ross
                                     Andrew D. Morrison
                                     Attorneys for Counter-defendants
14                                   Davide Berruto and Giovanni
                                     Gallizio

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

GIOVANNI GALLIZIO'S ANSWER TO THOMAS BINA'S COUNTERCLAIMS

Gallizio answer.wpd