O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #117

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | Environment Furniture Inc. v. Thomas Bina, *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

   Not Present                                       Not Present

**Proceedings:**     (In Chambers) Order Sanctioning Defendant and Counter-claimant Thomas Bina

On January 31, 2010, this Court held a hearing on whether Federal Rule of Civil Procedure 11 sanctions are appropriate for the conduct of Defendant and Counter-claimant Thomas Bina. The hearing resulted from this Court's own order to the parties to show cause why Bina should or should not be sanctioned for contradictory declarations made under the penalty of perjury and submitted to the Court. *See* Dkt. #106.

I.     Legal Standard for Rule 11 Sanctions

Rule 11 of the Federal Rules of Civil Procedure gives the authority to a federal court to impose sanctions against litigants appearing before it. Rule 11 is "designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." *Truesdell v. S. Calif. Permanente Med. Group*, 209 F.R.D. 169, 173-73 (C.D. Cal. 2002). Rule 11 provides, in relevant part:

> By presenting to the court a pleading, written motion, or other paper –
> whether by signing, filing, submitting, or later advocating it – an
> attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable
> under the circumstances: . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #117

CIVIL MINUTES - GENERAL

| Case No. | CV 09-7978 PSG (JCx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | Environment Furniture Inc. v. Thomas Bina, *et al.* | | |

existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). "Rule 11 permits a court to impose a sanction for any violation of these certification requirements, either upon the attorney or the party 'responsible for the violation'". *Truesdell*, 209 F.R.D. at 174 (citing Fed. R. Civ. P. 11(c)). The imposed sanction should be limited to "what is sufficient to deter repetition of the conduct or comparable harm by other similarly situated." Fed. R. Civ. P. 11(c)(1).

A court considering Rule 11 sanctions should consider whether the party or parties' submissions were "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986); *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362-65 (9th Cir. 1990) (en banc). "Our cases have established that sanctions [under Rule 11] must be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.'" *Townsend*, 929 F.2d at 1362. Therefore, "[t]he issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Schutts v. Bently Nevada Corp.*, 966 F. Supp. 1549, 1562 (D. Nev.1997) (citation omitted). A finding of subjective bad faith is not required under Rule 11. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) ("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head.").

A court can issue sanctions upon motion by a party or on its own initiative by order to show cause. *See* Fed. R. Civ. P. 11(c)(3). A sanction imposed on the court's own initiative, and not based on a Rule 11 motion brought by another party, is payable to the court. *See* Fed. R. Civ. P. 11(c)(4); *Durand v. Stephensen*, No. CV 09-2038 JAM, 2010 WL 3855236, at *4 (E.D. Cal. Sept. 29, 2010).

II. Discussion

Briefly stated, a long and bitter feud between former business associates about corporate control prompted this lawsuit against, *inter alia*, Bina, who then asserted a number of

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #117**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7978 PSG (JCx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | Environment Furniture Inc. v. Thomas Bina, *et al.* | | |

counterclaims. On July 8, 2010 and August 10, 2010, this Court dismissed many of Bina's counterclaims and warned *all* the parties that there must be support for all "claims, defenses, and other legal contentions." *See* Dkts. #70, 77 at 13 ("All parties in this case are on notice that any legal argument made before this Court must be supported by legal authority and proper citation. Furthermore, with regard to the claims, defenses, and other legal contentions that are made, the parties should remain mindful of the mechanism for sanctions provided for in Rule 11 of the Federal Rules of Civil Procedure.").

Despite this warning, Bina submitted amended counterclaims with supporting affidavits filed under the penalty of perjury. As the Court explained in the December 6, 2010 Order, however:

> Bina's amendments to the Counterclaim flatly contradict his earlier pleadings and the affidavit submitted by Bina in opposition to the pending Motion. First, the original counterclaim alleged that Bina was induced to "grant" an award of 37,500 shares of Environment Furniture, which would dilute Bina's existing shares. *See Original Counterclaim* ¶¶ 77, 84. The First Amended Counterclaim entirely changes the nature of the transaction and says that Bina actually transferred his own existing shares—as opposed to granting new shares—which resulted in the reduction—not simply dilution—of the shares. *See FACC* ¶ 80. Not only are the pleadings themselves contradictory, but Bina's new allegations also contradict the Buy-Sell Agreement that he referenced in Counterclaim. *See, e.g., FACC* ¶ 34. The First Amended Counterclaim alleges that Bina owned 54,375 shares of Environment before the transfer, but the Buy-Sell Agreement indicates that Bina actually owned only 43,000. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (attached documents "are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim"). Finally, in the affidavit submitted with Bina's Opposition [to the Motion to Dismiss], he states that: "In looking at the documentation, I am not sure how or where Berruto's 37,500 shares came from." *See Bina Decl.*, ¶ 11. The Court has already issued a Rule 11 warning and admonished the parties that they must provide a solid foundation upon which their claims are to stand. *See Order* at 13. Bina's declaration, together with all the other inconsistencies, establishes his lack of good faith and that his "factual contentions [lack]

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #117**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7978 PSG (JCx) | Date | February 4, 2011 |
|---|---|---|---|
| Title | Environment Furniture Inc. v. Thomas Bina, *et al.* | | |

evidentiary support." *See* Fed. R. Civ. P. 11(a)(3).

Dkt. #106. Included in the Order containing the foregoing paragraph was the Order to Show Cause why Bina should not be sanctioned under Rule 11. Bina responded to the Order to Show Cause in writing, with support from another submitted declaration. *See* Dkts. #113 (Bina's response); #114 (Bina's declaration in support of the response). Bina's declaration only confirms the Court's earlier suspicions, as it states in multiple places that there is no, and there never has been, a supported factual basis for at least one version of Bina's fraud counterclaim. Specifically, Bina states that he "honestly do[es] not know the methodology of how Mr. Berruto obtained his shares . . . [and] [he] thought one explanation might be" the theory presented in the second set of counterclaims, not the first. *See* Dkt. #114 ¶ 11.

In light of the clear factual discrepancies between the various pleadings and affidavits filed under oath, and in light of Bina's counsel's inability to explain the investigation undertaken to discover the factual basis for the submissions to the Court, the Court finds that a reasonable attorney, after conducting a reasonably inquiry, would not have concluded that all of Bina's submissions were well-founded. *See Schutts*, 966 F. Supp. at 1562. As a result, a Rule 11 sanction in the amount of $2,500, payable by Bina and/or his attorney to the Court, is warranted under Federal Rules of Civil Procedure 11(b)(3) to deter similar conduct from these, or other, parties appearing before the Court in the future. This amount is no more than reasonable under the circumstances. *See* Fed. R. Civ. P. 11(c). Payment shall be made by **February 28, 2011**.

**IT IS SO ORDERED.**